UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL ALEMAN-VALDIVIA and FREDDY SANCHEZ,
individually and on behalf of all others similarly situated,

                                          Plaintiffs,

                        -against-

TOP DOG PLUMBING & HEATING CORP., FIRST
CHOICE PL, INC., VERONICA AZULAI, and RON
MAIMON AZULAI,

                                     Defendants.
------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

Plaintiffs Michael Aleman-Valdivia ("Aleman-Valdivia") and Freddy Sanchez ("Sanchez") (collectively, "Plaintiffs"), by their attorneys, Katz Melinger PLLC, complaining of the defendants, Top Dog Plumbing & Heating Corp. ("TDP"), First Choice PL, Inc. ("First Choice"), Veronica Azulai ("Veronica"), and Ron Maimon Azulai ("Ron"), (collectively, "Defendants"), respectfully allege as follows:

### I. Nature of Action, Jurisdiction, and Venue

1.     This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"); New York Labor Laws ("NYLL") §§ 190 *et seq.* and 650 *et seq.*; NYLL § 220; and New York Common Law.

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3.     This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiffs' federal claims as to form the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiffs, within this judicial district.

## II. Parties

5.      Plaintiffs are individuals residing in the State of New York.

6.      TDP is a domestic corporation with its principal place of business located at 379 Fifth Avenue, Brooklyn, New York 11215.

7.      First Choice is a domestic corporation with its principal place of business located at 199-04 Romeo Court Hollis, New York 11423.

8.      TDP and First Choice offer residential and commercial plumbing and heating services to its clients.

9.      Upon information and belief, Veronica and Ron are individuals residing in the State of New York.

10.     At all relevant times, Veronica and Ron were, and still are, owners, officers, and/or persons in control of First Choice (Defendants Veronica, Ron, and First Choice are hereinafter referred to as "First Choice Defendants"), who exercised significant control over the operations of First Choice and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

11.     At all relevant times, TDP and First Choice Defendants jointly employed Plaintiff Aleman-Valdivia as a foreman and plumber.

2

12.     TDP and First Choice Defendants exercised sufficient control over Plaintiff Aleman-Valdivia's employment to be considered his joint employers for the purposes of the FLSA and NYLL.

13.     TDP and First Choice Defendants are jointly and severally liable in this matter for Plaintiff Aleman-Valdivia's claims.

14.     While employed by TDP and First Choice Defendants, Plaintiff Aleman-Valdivia regularly engaged in interstate commerce and/or in the production of goods for commerce.

15.     At all relevant times, First Choice Defendants employed Plaintiff Sanchez as a mechanic.

16.     First Choice Defendants exercised sufficient control over Plaintiff Sanchez's employment to be considered his employers for the purposes of the FLSA and NYLL.

17.     While employed with First Choice Defendants, Plaintiff Sanchez regularly engaged in interstate commerce and/or in the production of goods for commerce.

18.     Plaintiffs are covered employees within the meaning of the FLSA and the NYLL.

19.     Defendants operate in interstate commerce and, upon information and belief, their revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

20.     Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiffs.

21.     Defendants are subject to suit under the statutes alleged above.

**III. FLSA Collective Action Allegations against TDP and First Choice Defendants**

22.     The First and Third Causes of Action in this Complaint, which arise out of the FLSA, are brought by Plaintiff Aleman-Valdivia on behalf of himself and similarly situated employees who were employed by TDP and First Choice Defendants since the date three (3) years

prior to the filing of the Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

23.     The FLSA Collective Plaintiffs consist of no less than fourteen (14) similarly situated current and former employees of TDP and First Choice Defendants, who work or worked in excess of forty (40) hours per week and are victims of TDP and First Choice Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wages and overtime wages for all hours worked in excess of forty (40) hours per week.

24.     As part of their regular business practices, TDP and First Choice Defendants have intentionally, willfully, and repeatedly harmed Plaintiff Aleman-Valdivia and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable minimum wages and the requisite overtime rates for all hours worked in excess of forty (40) per week.

25.     TDP and First Choice Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

26.     TDP's and First Choice Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff Aleman-Valdivia and the FLSA Collective Plaintiffs.

27.     The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to TDP and First Choice Defendants, are readily identifiable, and are locatable through TDP's and First Choice Defendants' records. These

similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## IV. Factual Allegations

### Plaintiff Aleman-Valdivia

28.     Plaintiff Aleman-Valdivia was jointly employed by TDP and First Choice Defendants as a foreman and plumber from in or around April 2014 until in or around March 2018.

29.     TDP routinely obtained the work permits and licenses required for the projects that were completed by employees of both TDP and First Choice Defendants, including Plaintiff Aleman- Valdivia.

30.     Plaintiff Aleman-Valdivia's wages were paid at times by TDP and, at other times, by First Choice Defendants.

31.     On various occasions during Plaintiff Aleman-Valdivia's employment, his wages were personally paid by Veronica and/or Ron.

32.     Veronica and Ron hired and fired Plaintiff Aleman-Valdivia; set his work schedule; determined his compensation; and managed and supervised Plaintiff Aleman-Valdivia on a daily basis.

33.     First Choice Defendants provided Plaintiff Aleman-Valdivia with the equipment necessary to perform his work duties throughout his employment, including a company truck with First Choice's logo.

34.     At all relevant times, TDP's and First Choice Defendants' employees, including Plaintiff Aleman-Valdivia, performed services on both private projects and public works projects.

**Plaintiff Aleman-Valdivia's Duties, Work Schedule, and Rates of Pay**

35.     As a foreman and plumber, Plaintiff Aleman-Valdivia was required to perform services on behalf of TDP and First Choice Defendants for both private and public customers throughout New York City.

36.     Specifically, Plaintiff Aleman-Valdivia's job responsibilities as a foreman and plumber included, *inter alia*, loading a company truck with work materials and tools on a daily basis; instructing co-workers on the safety protocols for each project, including public works projects; ensuring co-workers abided by said safety protocols; installing and fixing water pipes, sewers, and water mains for both private and public use; and assisting on emergency jobs involving damaged water pipes, sewers, and water mains for both private and public customers.

37.     From in or around April 2014 until in or around March 2018, Plaintiff Aleman-Valdivia regularly worked Mondays through Fridays from between 7:00 a.m. and 8:00 a.m. to approximately 8:00 p.m., for an average of sixty-two and a half (62.5) hours worked per week.

38.     In addition to the aforementioned work hours, on at least twenty-five (25) occasions throughout Plaintiff Aleman-Valdivia's employment, he was required to work on emergency jobs, which typically consisted of repairing water pipes that had burst. When Plaintiff Aleman-Valdivia was required to work on such emergency projects, he was not permitted to go home for the day until the job was completed.

39.     As a result, on at least twenty-five (25) occasions throughout his employment, Plaintiff Aleman-Valdivia was required to work from between 7:00 a.m. and 8:00 a.m. to approximately 5:00 a.m., for approximately nine (9) additional hours worked per day in which Plaintiff Aleman-Valdivia was required to work on an emergency job.

40.     Throughout Aleman-Valdivia's employment, TDP and First Choice Defendants did not track or otherwise record the hours Plaintiff Aleman-Valdivia actually worked.

41.     Additionally, Plaintiff Aleman-Valdivia was not afforded any meal or rest breaks throughout his employment with TDP and First Choice Defendants.

42.     Throughout Plaintiff Aleman-Valdivia's employment, he was compensated at a rate of $22.50 per hour up to forty (40) hours per week, and he was not provided any compensation for all hours worked in excess of forty (40) per week.

43.     On various occasions throughout his employment, Plaintiff Aleman-Valdivia asked Ron why he was not being compensated for any of the hours he worked in excess of forty (40) per week, and Ron responded, in sum and substance, "if you don't like it, you can leave."

44.     Moreover, throughout Plaintiff Aleman-Valdivia's employment, his wages were paid completely in cash and were often delivered to Plaintiff Aleman-Valdivia in an envelope.

### TDP's and First Choice Defendants' Wage and Hour Violations as to Plaintiff Aleman-Valdivia

45.     While employed with TDP and First Choice Defendants, Plaintiff Aleman-Valdivia was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to receive compensation for all hours worked, including his regular hourly rate or the applicable minimum wage rate, whichever is greater, for all hours worked up to forty (40) per week; and overtime compensation for all hours worked in excess of forty (40) per week.

46.     Despite regularly working more than forty (40) hours per week, Plaintiff Aleman-Valdivia did not receive the proper minimum wage for all hours worked and overtime wages due to him for all hours worked in excess of forty (40) per week.

47.     TDP and First Choice Defendants also failed to furnish Plaintiff Aleman-Valdivia with a payroll notice at the time of his hire, or at any time thereafter, containing allowances, if any,

claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; the "doing business as" names used by the employer; the physical address of the employer's main or principal place of business, and a mailing address if different; the telephone number of the employer; or any other information required by NYLL § 195 (1).

48.     TDP and First Choice Defendants further failed to furnish Plaintiff Aleman-Valdivia with each wage payment, a statement listing Plaintiff Aleman-Valdivia's regular and overtime rates of pay and the accurate number of regular and overtime hours worked, or any other information required by NYLL § 195 (3).

49.     TDP and First Choice Defendants violated federal and state law by willfully failing to pay Plaintiff Aleman-Valdivia the applicable minimum wages for all hours worked, overtime compensation, and by failing to provide Plaintiff Aleman-Valdivia with the wage statements and payroll notices as required by NYLL §§ 195 (1) and (3).

50.     Throughout Plaintiff Aleman-Valdivia's employment, TDP and First Choice Defendants entered into certain contracts, as either subcontractors or prime contractors, with the State of New York, public benefit corporations, municipal corporations, townships or commissions appointed pursuant to law, or with prime contractors not currently known, to furnish labor, material, and equipment to perform work on public works projects.

51.     The public works contracts, as a matter of fact or by operation of law, required that TDP and First Choice Defendants pay and ensure payment of the prevailing rates of wages and supplements to all workers furnishing labor on the sites of the public works projects, including their direct employees and all other persons furnishing labor on the sites of the public works projects.

52.     The public works contracts also provided, as a matter of fact or by operation of law, that any subcontracts that TDP and First Choice Defendants entered into contain language requiring the payment of prevailing rates of wages and supplements to all workers furnishing labor on the sites of the public works projects.

53.     As required by law, a schedule containing prevailing rates of wages and supplemental benefits to be paid to Plaintiff Aleman-Valdivia should have been annexed to and formed a part of the public works contracts. If not annexed to the public works contracts, these schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

54.     The promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the public works contracts was made for the benefit of all workers furnishing labor on the sites of the public works projects and, as such, the workers furnishing labor on the sites of the public works projects are the beneficiaries of that promise and the contracts entered into between TDP and First Choice Defendants and public entities.

55.     Throughout his employment, Plaintiff Aleman-Valdivia worked on various public works projects, including but not limited to public school buildings, public housing buildings, colleges, and hospitals.

56.     In furtherance of the public works contracts entered into by TDP and First Choice Defendants, Plaintiff Aleman-Valdivia performed various types of work including, but not limited to, loading a company truck with work materials and tools on a daily basis; instructing co-workers on the safety protocols for each project, including public works projects; ensuring co-workers abided by said safety protocols; installing and fixing water pipes, sewers, and water mains for both

private and public use; and assisting on emergency jobs involving damaged water pipes, sewers, and water mains for both private and public customers.

57.     Throughout Plaintiff Aleman-Valdivia's employment with TDP and First Choice Defendants, Plaintiff Aleman-Valdivia was not paid at the prevailing wage rate for all of the hours he worked on public works projects.

58.     Moreover, TDP and First Choice Defendants failed to compensate Plaintiff Aleman-Valdivia with overtime wages at a rate of one and one-half times the prevailing wage rate for all hours worked in excess of forty (40) per week at public works projects.

59.     TDP and First Choice Defendants knew that their public works project contracts required them to pay their employees, including Plaintiff Aleman-Valdivia, at the prevailing wage rate for each hour worked at public works projects and at a rate of one and one-half times the prevailing wage rate for all hours worked in excess of forty (40) per week at public works projects.

60.     However, for all work performed by Plaintiff Aleman-Valdivia for TDP and First Choice Defendants on public works projects, TDP and First Choice Defendants willfully failed to pay Plaintiff Aleman-Valdivia the prevailing rates of wages, overtime wages at a rate of one and one-half times the prevailing wage rate, and supplements to which he was entitled.

**Plaintiff Sanchez**

61.     Plaintiff Sanchez was employed by First Choice Defendants as a mechanic from in or around December 2016 until in or around November 2018.

62.     Throughout Plaintiff Sanchez's employment, First Choice Defendants assigned him to work at a truck yard located at 85-01 127th Street, Kew Gardens, New York 11415.

63.     First Choice Defendants provided Plaintiff Sanchez with the equipment necessary to perform his work duties.

64. Veronica and Ron hired and fired Plaintiff Sanchez; set his work schedule; determined his compensation throughout his employment; and managed and supervised Plaintiff Sanchez on a daily basis.

65. On various occasions during Plaintiff Sanchez's employment, his wages were personally paid by Veronica and/or Ron.

**Plaintiff Sanchez's Duties, Work Schedule, and Rates of Pay**

66. As a mechanic, Plaintiff Sanchez's job responsibilities included, *inter alia*, maintaining and repairing First Choice Defendants' trucks; opening and closing First Choice Defendants' truck yard; receiving equipment delivered to the truck yard; preparing trucks each morning before other workers arrived at the truck yard; and driving workers from the truck yard to their worksite.

67. From in or around December 2016 until in or around November 2018, Plaintiff Sanchez regularly worked Mondays to Fridays from approximately 6:00 a.m. until between 6:00 p.m. or 7: 00 p.m., for an average of approximately sixty-two and a half (62.5) hours worked per week.

68. In addition to the aforementioned schedule, First Choice Defendants required Plaintiff Sanchez to work on Saturdays approximately twice per month, from approximately 8:00 a.m. to between 5:00 p.m. and 6:00 p.m., for an average of approximately seventy-two (72) hours worked on weeks when Plaintiff Sanchez was required to work on Saturdays.

69. Throughout Plaintiff Sanchez's employment, First Choice Defendants did not track or otherwise record the hours Plaintiff Sanchez actually worked.

70. Additionally, throughout Plaintiff Sanchez's employment, he was not any afforded meal or rest breaks.

11

71.     From in or around December 2016 until in or around January 2018, First Choice Defendants compensated Plaintiff Sanchez at a fixed rate of $600.00 per week, regardless of the number of hours Plaintiff Sanchez worked per week and failed to compensate him with any overtime wages for hours worked in excess of forty (40) per week.

72.     From in or around February 2018 until in or around November 2018, First Choice Defendants compensated Plaintiff Sanchez at a fixed rate of $650.00 per week, regardless of the number of hours Plaintiff Sanchez worked per week, and failed to compensate him with any overtime wages for hours worked in excess of forty (40) per week.

73.     Throughout Plaintiff Sanchez's employment, First Choice Defendants paid Plaintiff Sanchez his wages completely in cash.

### First Choice Defendants' Wage and Hour Violations as to Plaintiff Sanchez

74.     While employed with First Choice Defendants, Plaintiff Sanchez was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to receive compensation for all hours worked, including his regular hourly rate or the applicable minimum wage rate, whichever is greater, for all hours worked up to forty (40) per week; spread of hours wages for every day in which his shifts exceeded a spread of ten (10) hours; and overtime compensation for all hours worked in excess of forty (40) per week.

75.     Despite regularly working more than forty (40) hours per week, Plaintiff Sanchez did not receive the proper minimum wages and overtime wages due to him for all hours worked in excess of forty (40) per week.

76.     Furthermore, although Plaintiff Sanchez regularly worked shifts that spanned more than ten (10) hours per day, First Choice Defendants failed to compensate Plaintiff Sanchez with

an additional hour's pay at the minimum wage rate for every day in which his shifts exceed ten (10) hours.

77.    First Choice Defendants also failed to furnish Plaintiff Sanchez with a payroll notice at the time of his hire, or at any time thereafter, containing allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; the "doing business as" names used by the employer; the physical address of the employer's main or principal place of business, and a mailing address if different; the telephone number of the employer; or any other information required by NYLL § 195 (1).

78.    First Choice Defendants further failed to furnish Plaintiff Sanchez with each wage payment, an accurate statement listing Plaintiff Sanchez's regular and overtime rates of pay and the accurate number of regular and overtime hours worked, or any other information required by NYLL § 195 (3).

79.    First Choice Defendants violated federal and state law by willfully failing to pay Plaintiff Sanchez the applicable minimum wages; spread of hour wages; overtime compensation; and by failing to provide Plaintiff Sanchez with the required wage statements and payroll notices required by the NYLL §§ 195 (1) and (3).

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF ALEMAN-VALDIVIA, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS AGAINST TDP AND FIRST CHOICE DEFENDANTS**
*(Overtime Violations under the FLSA)*

80.    Plaintiff Aleman-Valdivia, individually, and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations.

81.    Pursuant to the applicable provisions of the FLSA, Plaintiff Aleman-Valdivia and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

82.     Plaintiff Aleman-Valdivia and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with TDP and First Choice Defendants.

83.     Throughout the relevant period, TDP and First Choice Defendants knowingly failed to pay Plaintiff Aleman-Valdivia and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular hourly rate of pay for each hour worked in excess of forty (40) hours per week.

84.     As a result of TDP's and First Choice Defendants' violations of the law and failure to pay Plaintiff Aleman-Valdivia and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff Aleman-Valdivia and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from TDP and First Choice Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

85.     As TDP and First Choice Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff Aleman-Valdivia and the FLSA Collective Plaintiffs are entitled to additional damages equal to one hundred percent (100%) of all wages due to them ("liquidated damages").

86.     Judgment should be entered in favor of Plaintiff Aleman-Valdivia and the FLSA Collective Plaintiffs and against TDP and First Choice Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF ALEMAN-VALDIVIA AGAINST TDP AND FIRST CHOICE DEFENDANTS
*(Overtime Violations under the NYLL)*

87.     Plaintiff Aleman-Valdivia repeats and realleges all prior allegations.

14

88.     Pursuant to the applicable provisions of the NYLL, Plaintiff Aleman-Valdivia was entitled to overtime compensation of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) per week.

89.     Plaintiff Aleman-Valdivia regularly worked in excess of forty (40) hours per week during his employment with TDP and First Choice Defendants.

90.     Throughout the relevant period, TDP and First Choice Defendants knowingly failed to pay Plaintiff Aleman-Valdivia overtime wages of one and one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) hours per week.

91.     As a result of TDP's and First Choice Defendants' violations of the law and failure to pay Plaintiff Aleman-Valdivia the required overtime wages, Plaintiff Aleman-Valdivia has been damaged and is entitled to recover from TDP and First Choice Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

92.     As TDP and First Choice Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff Aleman-Valdivia is entitled to liquidated damages.

93.     Judgment should be entered in favor of Plaintiff Aleman-Valdivia and against TDP and First Choice Defendants on the Second Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF ALEMAN-VALDIVIA, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS AGAINST TDP AND FIRST CHOICE DEFENDANTS
*(Minimum Wage Violations under the FLSA)*

94.     Plaintiff Aleman-Valdivia, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations.

95.     Pursuant to the applicable provisions of the FLSA, Plaintiff Aleman-Valdivia and the FLSA Collective Plaintiffs were entitled to the statutory minimum hourly wages for all of the hours they worked.

96.     Throughout the relevant period, TDP and First Choice Defendants knowingly failed to pay Plaintiff Aleman-Valdivia and the FLSA Collective Plaintiffs the statutory minimum wages for all of the hours they worked.

97.     As a result of TDP's and First Choice Defendants' violations of the law and failure to pay Plaintiff Aleman-Valdivia and the FLSA Collective Plaintiffs the required minimum wages, Plaintiff Aleman-Valdivia and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from TDP and First Choice Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

98.     As TDP and First Choice Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff Aleman-Valdivia and the FLSA Collective Plaintiffs are entitled to liquidated damages.

99.     Judgment should be entered in favor of Plaintiff Aleman-Valdivia and the FLSA Collective Plaintiffs and against TDP and First Choice Defendants on the Third Cause of Action in the amount of their respective unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF ALEMAN-VALDIVIA AGAINST TDP AND FIRST CHOICE DEFENDANTS
### *(Minimum Wages Violations under the NYLL)*

100.     Plaintiff Aleman-Valdivia repeats and realleges all prior allegations.

101.     Pursuant to the applicable provisions of the NYLL, Plaintiff Aleman-Valdivia was entitled to receive at least the statutory minimum wages for all of the hours he worked.

102.    Throughout the relevant period, TDP and First Choice Defendants knowingly failed to pay Plaintiff Aleman-Valdivia at least the statutory minimum wages for all of the hours he worked.

103.    As a result of TDP's and First Choice Defendants' violations of the law and failure to pay Plaintiff Aleman-Valdivia the required minimum wages, Plaintiff Aleman-Valdivia has been damaged and is entitled to recover from TDP and First Choice Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

104.    As TDP and First Choice Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff Aleman-Valdivia is entitled to liquidated damages.

105.    Judgment should be entered in favor of Plaintiff Aleman-Valdivia and against TDP and First Choice Defendants on the Fourth Cause of Action in the amount of his unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF ALEMAN-VALDIVIA AND AGAINST TDP AND FIRST CHOICE DEFENDANTS
*(Failure to Provide Payroll Notices under the NYLL)*

106.    Plaintiff Aleman-Valdivia repeats and realleges all prior allegations.

107.    TDP and First Choice Defendants failed to furnish to Plaintiff Aleman-Valdivia at the start of his employment, or at any time thereafter, a notice containing his respective rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by TDP and First Choice Defendants; and any other information required by NYLL § 195 (1).

108.    As TDP and First Choice Defendants failed to provide Plaintiff Aleman-Valdivia with a payroll notice as required by NYLL § 195 (1), Plaintiff Aleman-Valdivia is entitled to

liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees and costs.

109.   Judgment should be entered in favor of Plaintiff Aleman-Valdivia and against TDP and First Choice Defendants on the Fifth Cause of Action for $50.00 per day in which the violation occurred, up to maximum of $5,000.00, along with reasonable attorneys' fees and costs.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF ALEMAN-VALDIVIA AGAINST TDP AND FIRST CHOICE DEFENDANTS
*(Failure to Provide Wage Statements under the NYLL)*

110.   Plaintiff Aleman-Valdivia repeats and realleges all prior allegations.

111.   Throughout the relevant period, TDP and First Choice Defendants failed to furnish to Plaintiff Aleman-Valdivia, with each wage payment, a statement listing: Plaintiff Aleman-Valdivia's rate or rates of pay and basis thereof; the number of regular and overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in violation of NYLL § 195 (3).

112.   As TDP and First Choice Defendants failed to provide Plaintiff Aleman-Valdivia with wage statements required by NYLL § 195 (3), Plaintiff Aleman-Valdivia is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

113.   Judgment should be entered in favor of Plaintiff Aleman-Valdivia and against TDP and First Choice Defendants on the Sixth Cause of Action for $250.00 per day in which the violation occurred, up to maximum of $5,000.00, along with reasonable attorneys' fees and costs.

### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF ALEMAN-VALDIVIA AGAINST TDP AND FIRST CHOICE DEFENDANTS
*(Breach of Contract)*

114.   Plaintiff Aleman-Valdivia repeats and realleges all prior allegations.

115.    Upon information and belief, the public works contracts entered into by TDP and First Choice Defendants, as a matter of fact or by operation of law, contained or incorporated by reference schedules of the prevailing rates of wages and supplemental benefits to be paid Plaintiff Aleman-Valdivia.

116.    Those prevailing rates of wages and supplemental benefits were made a part of the public works contracts for the benefit of employees of TDP and First Choice Defendants, including Plaintiff Aleman-Valdivia.

117.    TDP and First Choice Defendants willfully breached these public works contracts by failing to pay Plaintiff Aleman-Valdivia the prevailing rates of wages and supplemental benefits for all labor performed on public works projects.

118.    As a result of TDP's and First Choice Defendants' breach of their public works contracts, Plaintiff Aleman-Valdivia has been damaged.

119.    Judgment should be entered in favor of Plaintiff Aleman-Valdivia and against TDP and First Choice Defendants on the Seventh Cause of Action for all unpaid prevailing wages, supplements, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF ALEMAN-VALDIVIA AGAINST TDP AND FIRST CHOICE DEFENDANTS
*(Quantum Meruit)*

120.    Plaintiff Aleman-Valdivia repeats and realleges all prior allegations.

121.    Plaintiff Aleman-Valdivia performed numerous and valuable services at the request and for the benefit of TDP and First Choice Defendants pursuant to their public works contracts.

122.    Plaintiff Aleman-Valdivia was not paid a fair and reasonable value for those services he performed on public works projects.

123.   Plaintiff Aleman-Valdivia is entitled to payment for the fair and reasonable value of the services he provided to TDP and First Choice Defendants.

124.   It is improper for TDP and First Choice Defendants to retain the benefit of services provided by Plaintiff Aleman-Valdivia without making proper payment.

125.   TDP and First Choice Defendants are obligated to pay the fair and reasonable value for the services provided by Plaintiff Aleman-Valdivia.

126.   Judgment should be entered in favor of Plaintiff Aleman-Valdivia and against TDP and First Choice Defendants on the Eighth Cause of Action for all unpaid prevailing wages, supplements, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF ALEMAN-VALDIVIA AGAINST TDP AND FIRST CHOICE DEFENDANTS
*(Unjust Enrichment)*

127.   Plaintiff Aleman-Valdivia repeats and realleges all prior allegations.

128.   Plaintiff Aleman-Valdivia performed a significant amount of work at public works projects for which he has not been properly paid.

129.   When TDP and First Choice Defendants entered into the public works contracts, TDP and First Choice Defendants agreed, as a matter of fact or by operation of law, to pay the required prevailing wage, overtime wages, and supplemental benefit rates of pay to Plaintiff Aleman-Valdivia.

130.   Upon information and belief, although TDP and First Choice Defendants billed public customers for labor performed by Plaintiff Aleman-Valdivia at the higher prevailing wage rate, prevailing overtime rate, and supplemental benefit rates, TDP and First Choice Defendants failed to pay Plaintiff Aleman-Valdivia at said prevailing rates for the work he performed on public works projects.

131.    As a result of this failure to pay Plaintiff Aleman-Valdivia at said prevailing rates for the work he performed on public works projects, TDP and First Choice Defendants were unjustly enriched at the expense of Plaintiff Aleman-Valdivia.

132.    It would be inequitable and unconscionable to permit TDP and First Choice Defendants to retain the value of Plaintiff Aleman-Valdivia's services without making full payment.

133.    Equity demands that TDP and First Choice Defendants be compelled to pay for this benefit.

134.    Judgment should be entered in favor of Plaintiff Aleman-Valdivia and against TDP and First Choice Defendants on the Ninth Cause of Action for all unpaid prevailing wages, supplements, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF SANCHEZ AGAINST FIRST CHOICE DEFENDANTS
*(Overtime Violations under the FLSA)*

135.    Plaintiff Sanchez repeats and realleges all prior allegations.

136.    Pursuant to the applicable provisions of the FLSA, Plaintiff Sanchez was entitled to overtime compensation of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

137.    Plaintiff Sanchez regularly worked in excess of forty (40) hours per week during his employment with First Choice Defendants.

138.    Throughout the relevant period, First Choice Defendants knowingly failed to pay Plaintiff Sanchez overtime wages of one and one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) hours per week.

139.   As a result of First Choice Defendants' violations of the law and failure to pay Plaintiff Sanchez the required overtime wages, Plaintiff Sanchez has been damaged and is entitled to recover from First Choice Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

140.   As First Choice Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff Sanchez is entitled to liquidated damages.

141.   Judgment should be entered in favor of Plaintiff Sanchez and against First Choice Defendants on the Tenth Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION ON BEHALF OF
PLAINTIFF SANCHEZ AGAINST FIRST CHOICE DEFENDANTS**
*(Overtime Violations under the NYLL)*

142.   Plaintiff Sanchez repeats and realleges all prior allegations.

143.   Pursuant to the applicable provisions of the NYLL, Plaintiff Sanchez was entitled to overtime compensation of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) per week.

144.   Plaintiff Sanchez regularly worked in excess of forty (40) hours per week during his employment with First Choice Defendants.

145.   Throughout the relevant period, First Choice Defendants knowingly failed to pay Plaintiff Sanchez overtime wages of one and one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) hours per week.

146.     As a result of First Choice Defendants' violations of the law and failure to pay Plaintiff Sanchez the required overtime wages, Plaintiff Sanchez has been damaged and is entitled to recover from First Choice Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

147.     As First Choice Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff Sanchez is entitled to liquidated damages.

148.     Judgment should be entered in favor of Plaintiff Sanchez and against First Choice Defendants on the Eleventh Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A TWELFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF SANCHEZ AGAINST FIRST CHOICE DEFENDANTS
*(Minimum Wage Violations under the FLSA)*

149.     Plaintiff Sanchez repeats and realleges all prior allegations.

150.     Pursuant to the applicable provisions of the FLSA, Plaintiff Sanchez was entitled to the statutory minimum hourly wages for all of the hours he worked.

151.     Throughout the relevant period, First Choice Defendants knowingly failed to pay Plaintiff Sanchez the statutory minimum wages for all of the hours he worked.

152.     As a result of First Choice Defendants' violations of the law and failure to pay Plaintiff Sanchez the required minimum wages, Plaintiff Sanchez has been damaged and is entitled to recover from First Choice Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

153.    As First Choice Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff Sanchez is entitled to liquidated damages.

154.    Judgment should be entered in favor of Plaintiff Sanchez and against First Choice Defendants on the Twelfth Cause of Action in the amount of his unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF SANCHEZ AGAINST FIRST CHOICE DEFENDANTS
*(Minimum Wages Violations under the NYLL)*

155.    Plaintiff Sanchez repeats and realleges all prior allegations.

156.    Pursuant to the applicable provisions of the NYLL, Plaintiff Sanchez was entitled to receive at least the statutory minimum wages for all of the hours he worked.

157.    Throughout the relevant period, First Choice Defendants knowingly failed to pay Plaintiff Sanchez at least the statutory minimum wages for all of the hours he worked.

158.    As a result of First Choice Defendants' violations of the law and failure to pay Plaintiff Sanchez the required minimum wages, Plaintiff Sanchez has been damaged and is entitled to recover from First Choice Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

159.    As First Choice Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff Sanchez is entitled to liquidated damages.

160.    Judgment should be entered in favor of Plaintiff Sanchez and against First Choice Defendants on the Thirteenth Cause of Action in the amount of his unpaid minimum wages,

liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF SANCHEZ AGAINST FIRST CHOICE DEFENDANTS**
(*Spread of Hours Violations under the NYLL*)

161.    Plaintiff Sanchez repeats and realleges all prior allegations.

162.    Plaintiff Sanchez regularly worked shifts that spanned more than ten (10) hours per day.

163.    First Choice Defendants willfully failed to pay Plaintiff Sanchez additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which he worked more than ten (10) hours.

164.    By failing to pay Plaintiff Sanchez spread of hours pay, First Choice Defendants have willfully violated NYLL Article 19, §§ 650, *et seq*., and the supporting New York State Department of Labor Regulations.

165.    Judgment should be entered in favor of Plaintiff Sanchez and against First Choice Defendants on the Fourteenth Cause of Action in the amount of his unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF SANCHEZ AND AGAINST FIRST CHOICE DEFENDANTS**
(*Failure to Provide Payroll Notices under the NYLL*)

166.    Plaintiff Sanchez repeats and realleges all prior allegations.

167.    First Choice Defendants failed to furnish to Plaintiff Sanchez at the start of his employment, or at any time thereafter, a notice containing his respective rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by First Choice Defendants; and any other information required by NYLL § 195 (1).

168.     As First Choice Defendants failed to provide Plaintiff Sanchez with a payroll notice as required by NYLL § 195 (1), Plaintiff Sanchez is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees and costs.

169.     Judgment should be entered in favor of Plaintiff Sanchez and against First Choice Defendants on the Fifteenth Cause of Action for $50.00 per day in which the violation occurred, up to maximum of $5,000.00, along with reasonable attorneys' fees and costs.

**AS AND FOR A SIXTEENTH CAUSE OF ACTION ON BEHALF OF
PLAINTIFF SANCHEZ AGAINST FIRST CHOICE DEFENDANTS**
*(Failure to Provide Wage Statements under the NYLL)*

170.     Plaintiff Sanchez repeats and realleges all prior allegations.

171.     Throughout the relevant period, First Choice Defendants failed to furnish to Plaintiff Sanchez, with each wage payment, a statement listing: Plaintiff Sanchez's rate or rates of pay and basis thereof; the number of regular and overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in violation of NYLL § 195 (3).

172.     As First Choice Defendants failed to provide Plaintiff Sanchez with wage statements required by NYLL § 195 (3), Plaintiff Sanchez is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

173.     Judgment should be entered in favor of Plaintiff Sanchez and against First Choice Defendants on the Sixteenth Cause of Action for $250.00 per day for every day in which the violation occurred, up to maximum of $5,000.00, along with reasonable attorneys' fees and costs.

**WHEREFORE** Plaintiffs pray for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff Aleman-Valdivia and the FLSA Collective Plaintiffs against TDP and First Choice Defendants for all overtime wages due to Plaintiff Aleman-Valdivia and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action on behalf of Plaintiff Aleman-Valdivia against TDP and First Choice Defendants for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action on behalf of Plaintiff Aleman-Valdivia and the FLSA Collective Plaintiffs against TDP and First Choice Defendants for all minimum wages due to Plaintiff Aleman-Valdivia and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action on behalf of Plaintiff Aleman-Valdivia against TDP and First Choice Defendants for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action on behalf of Plaintiff Aleman-Valdivia against TDP and First Choice Defendants for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action on behalf of Plaintiff Aleman-Valdivia against TDP and First Choice Defendants for liquidated damages in the amount of $250.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action on behalf Plaintiff Aleman-Valdivia against TDP and First Choice for all unpaid prevailing wages, supplements, and reasonable attorneys' fees in an amount to be determined by this Court;

h) on the Eighth Cause of Action on behalf Plaintiff Aleman-Valdivia against TDP and First Choice for all unpaid prevailing wages, supplements, and reasonable attorneys' fees in an amount to be determined by this Court;

i) on the Ninth Cause of Action on behalf Plaintiff Aleman-Valdivia against TDP and First Choice for all unpaid prevailing wages, supplements, and reasonable attorneys' fees in an amount to be determined by this Court;

j) on the Tenth Cause of Action on behalf of Plaintiff Sanchez against First Choice Defendants for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

k) on the Eleventh Cause of Action on behalf of Plaintiff Sanchez against First Choice Defendants for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

l) on the Twelfth Cause of Action on behalf of Plaintiff Sanchez against First Choice Defendants for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

m) on the Thirteenth Cause of Action on behalf of Plaintiff Sanchez against First Choice Defendants for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

n) on the Fourteenth Cause of Action on behalf of Plaintiff Sanchez against First Choice Defendants for all spread of hour wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

o) on the Fifteenth Cause of Action on behalf of Plaintiff Sanchez against First Choice Defendants for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

p) on the Sixteenth Cause of Action on behalf of Plaintiff Sanchez against First Choice Defendants for liquidated damages in the amount of $250.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

q) interest;

r) costs and disbursements; and

s) such other and further relief as is just and proper.

Dated: New York, New York
January 24, 2020

/s/ Katherine Morales
Katherine Morales
KATZ MELINGER PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
(212) 460 - 0047
kymorales@katzmelinger.com
Attorneys for Plaintiffs