UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL ALEMAN-VALDIVIA and FREDDY SANCHEZ,
individually and on behalf of all others similarly situated,

                                         Plaintiffs,

                           -against-

TOP DOG PLUMBING & HEATING CORP., FIRST CHOICE PL,
INC., VERONICA AZULAI, and RON MAIMON AZULAI,

                              Defendants.
------------------------------------------------------------------------X

Civil Action No.
1:20-cv-00421-LDH-PK

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF MICHAEL ALEMAN-VALDIVIA'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE PURSUANT TO SECTION 216(b) OF THE FLSA AND FOR EXPEDITED DISCOVERY

## TABLE OF CONTENTS

Table of Authorities ................................................................................................... iii

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ......................................................................................... 2

I.       THE PARTIES............................................................................................... 2

II.      DEFENDANTS SUBJECTED EMPLOYEES TO UNIFORM COMPENSATION
         POLICIES AND PRACTICES................................................................... 2

ARGUMENT .............................................................................................................. 3

III.     COURT-AUTHORIZED NOTICE TO POTENTIAL PLAINTIFFS IS FAIR,
         EFFICIENT, AND ADVANCES PUBLIC POLICY AIMS. ............................ 3

IV.      PLAINTIFF EXCEEDS HIS LOW BURDEN UNDER 29 U.S.C. § 216(b). ................... 4

V.       A COURT-AUTHORIZED NOTICE IS APPROPRIATE IN THIS CASE.................... 7

         A.       Methods of Dissemination. ................................................................ 7

         B.       Language for Notices. ........................................................................ 9

         C.       Expedited Disclosure Of Names And Contact Information. ............... 10

         D.       A Six Year Notice Period Is Appropriate. ......................................... 11

VI.      EQUITABLE TOLLING IS APPROPRIATE. ............................................... 11

CONCLUSION.......................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Ansoralli v. CVS Pharmacy, Inc.*, 2017 WL 570767 (E.D.N.Y. Feb. 13, 2017) ......................... 11

*Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335 (2d Cir. 1978) ........................... 4

*Cabrera v. Stephens,*  2017 WL 4326511 (E.D.N.Y. Sept. 28, 2017) ................................. 5, 7, 8, 9

*Castillo v. Perfume Worldwide Inc.,* 2018 WL 1581975 (E.D.N.Y. Mar. 30, 2018)...................... 5

*Chhab v. Darden Rest., Inc.*, 2013 WL 5308004, (S.D.N.Y. Sept. 20, 2013) ............................... 9

*Diaz v. New York Paving Inc.*, 340 F. Supp. 3d 372 (S.D.N.Y. 2018) ............................. 9

*Fa Ting Wang v. Empire State Auto Corp.,* 2015 WL 4603117 (E.D.N.Y. July 29, 2015) .......... 5, 6

*Fang v. Zhuang*, 2010 WL 5261197 (E.D.N.Y. Dec. 1, 2010) ...................................... 10

*Fernandez v. Kinray, Inc.,* 2014 WL 7399303 (E.D.N.Y. Dec. 30, 2014) ........................ 4

*Finnigan v. Metro. Transportation Auth.,* 2020 WL 1493597 (E.D.N.Y. Mar. 26, 2020)............... 5

*Fonseca v. Dircksen & Talleyrand Inc.*, 2014 WL 1487279 (S.D.N.Y. Apr. 11, 2014).................. 11

*Guo Qing Wang v. H.B. Restaurant Group, Inc.*, 2014 WL 5055813 (S.D.N.Y. Oct. 7, 2014)..... 8

*Gutierrez v. Almond Fruit Corp.*, 2016 WL 11670640 (E.D.N.Y. Dec. 13, 2016).......................... 9

*Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340 (E.D.N.Y. 2012) ...................... 9

*Hanming Feng on behalf of himself & others similarly situated v. Soy Sauce LLC,* 2016 WL
    1070813 (E.D.N.Y. Mar. 14, 2016) ........................................................... 6

*Hernandez v. Bare Burger Dio Inc.*, 2013 WL 3199292, (S.D.N.Y. June 25, 2013).............. 8, 10

*Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989) ............................................. 4

*Hotaranu v. Star Nissan Inc.*, 2017 WL 1390808, (E.D.N.Y. Apr. 12, 2017)................................ 10

*Jian Guo Yang v. Zhou's Yummy Rest., Inc.,* 2020 WL 2738403, (E.D.N.Y. Apr. 28, 2020) ........ 5

*Jian Wu v. Sushi Nomado of Manhattan, Inc.*, 2019 WL 3759126 (S.D.N.Y. July 25, 2019) ..... 8, 10

*Jun Hua Yang v. Rainbow Nails Salon IV Inc.*, 2019 WL 2166686 (E.D.N.Y. May 16, 2019)......... 7

*Karic v. Major Automotive Companies, Inc.*, 799 F. Supp. 2d 219 (E.D.N.Y. 2011) ................... 6

*Kemper v. Westbury Operating Corp.*, 2012 WL 4976122, (E.D.N.Y. Oct. 17, 2012)............... 12

*Lamb v. Singh Hospitality Grp., Inc.,* 2013 WL 5502844 (E.D.N.Y. Sept. 30, 2013)..................... 5

*Lijun Geng v. Shu Han Ju Rest. II Corp.*, 2019 WL 4493429, (S.D.N.Y. Sept. 9, 2019)............... 8

*Mason v. Lumber Liquidators, Inc.*, 2019 WL 2088609, (E.D.N.Y. May 13, 2019), *aff'd*, (E.D.N.Y.
    Aug. 19, 2019) ...................................................................................... 8

*McDermott v. Fed. Sav. Bank*, 2018 WL 6718599, (E.D.N.Y. Sept. 28, 2018), *report and*

*recommendation adopted*, 2019 WL 1305992, (E.D.N.Y. Mar. 22, 2019) ................................ 5

*McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438 (S.D.N.Y. 2012) ................................ 12

*Meo v. Lane Bryant, Inc.,* 2019 WL 5157024, (E.D.N.Y. Sept. 30, 2019) ........................................ 9

*Millin v. Brooklyn Born Chocolate, LLC*, 2020 WL 2198125, (E.D.N.Y. May 6, 2020) ... 4, 5, 7, 11

*Miranda v. Gen. Auto Body Works, Inc,* 2017 WL 4712218, (E.D.N.Y. Oct. 18, 2017) ................. 5

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) ................................................................. 4

*Ouedraogo v. A-1 Intern. Courier Serv., Inc.*, 2013 WL 3466810 (S.D.N.Y. July 8, 2013) .......... 11

*Portilla v. Bridgehampton Stone, Inc.*, 2019 WL 1128364 (E.D.N.Y. Mar. 12, 2019) ................. 8

*Qi Zhang v. Bally Produce, Inc.*, 2013 WL 1729274 (E.D.N.Y. Apr. 22, 2013) .......................... 4

*Qiang Lu v. Purple Sushi Inc.*, 2020 WL 1303572 (S.D.N.Y. Mar. 19, 2020) ................................ 8

*Rotari v. Mitoushi Sushi, Inc.,* 2020 WL 1289589 (E.D.N.Y. Mar. 18, 2020) ........................... 5

*Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114 (S.D.N.Y. 2014) ................................................. 10

*Slamna v. API Restaurant Corp.*, 2013 WL 3340290 (S.D.N.Y. July 2, 2013) ............................. 11

*Spicer v. Pier Sixty LLC*, 269 F.R.D. 321 (S.D.N.Y. 2010) ............................................................. 10

*Valerio v. RNC Indus., LLC*, 314 F.R.D. 61 (E.D.N.Y. 2016) ........................................... 5, 6, 8, 9

*Velasquez v. Digital Page, Inc.*, 2014 WL 2048425 (E.D.N.Y. May 19, 2014) .......................... 11

*Yahraes v. Rest. Associates Events Corp.*, 2011 WL 844963 (E.D.N.Y. March 8, 2011) ........... 12

*Yvonne Chui, on behalf of herself & all other persons similarly situated v. American Yuexianggui*
    *Li Llc d/b/a Lou Joe Rest. & Xing Mei Chen.*, 2020 WL 3618892 (E.D.N.Y. July 2, 2020) ..... 7, 8

*Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 3d 310 (E.D.N.Y. 2016) ........................................ 7

*Zhongle Chen v. Kicho Corp.*, 2020 WL 1900582 (S.D.N.Y. Apr. 17, 2020) ........................ 8, 10

**Statutes**
29 U.S.C. § 216(b) ......................................................................................................... 2, 4
29 U.S.C. § 255(a) ............................................................................................................. 11

## PRELIMINARY STATEMENT

Plaintiff Michael Aleman-Valdivia[1] ("Plaintiff") initiated this putative collective action against Top Dog Plumbing & Heating Corp. ("TDP"), First Choice PL, Inc. ("First Choice"), Veronica Azulai ("Veronica"), and Ron Maimon Azulai ("Ron") (collectively, "Defendants") to recover unpaid overtime compensation for himself and current and former employees of Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").[2]

Defendants employed Plaintiff as a foreman and plumber from in or around April 2014 until in or around March 2018. Throughout their respective periods of employment with Defendants, Plaintiff and the putative collective members routinely worked more than forty (40) hours per week but were not compensated at a rate of one and one-half (1.5) times their regularly hourly rates of pay for all hours worked in excess of forty (40) hours per week, even though Plaintiff and the putative collective members are non-exempt employees. Through this motion, Plaintiff seeks to take the first step in protecting the rights of current and former employees of Defendants, who have worked overtime hours without proper compensation, by sending them Court-approved notice of this action, so they can decide whether to pursue their FLSA claims.

Plaintiff's proffered evidence far exceeds the low threshold necessary to prevail on a motion for conditional collective certification. Through Plaintiff's declaration and the well-pled allegations in the Second Amended Complaint, as well Defendants' own employee work schedules ("Defendants' Employee Work Schedules") produced to Plaintiff in pre-mediation disclosures, Plaintiff sufficiently demonstrates that Defendants engaged in unlawful conduct pursuant to a

---

[1] Plaintiff Freddy Sanchez remains a plaintiff in this matter however based on his job and job duties is not part of the Collective Class.

[2] Additionally, Plaintiff Aleman-Valdivia asserts claims under the New York Labor Law for Defendants' failure to pay overtime and spread of hours wages, failure to pay prevailing wage claims for breach of contract, unjust enrichment and quantum meruit, as well as for Defendants' failure to provide Plaintiff Aleman-Valdivia with payroll notices and wage statements.

1

corporate policy of minimizing labor costs and denying overtime compensation to non-exempt employees, and that other "similarly situated" non-exempt employees will benefit from Court-authorized notice of this action pursuant to 29 U.S.C. § 216(b).[3]

## STATEMENT OF FACTS

I.  **THE PARTIES.**

TDP is a plumbing company and First Choice is a plumbing and heating company. Second Amended Complaint (Dkt. No. 28), ¶¶ 6 - 8. Veronica and Ron are owners and/or senior management-level employees of the Defendants, who exercised significant control over the Defendants' operations. Second Amended Complaint ¶¶ 10-13, 32-38.  Plaintiff was employed by the Defendants as a foreman and plumber from in or around April 2014 until in or around March 2018. Aleman Decl. ¶ 3. His job duties included, among other things, loading a company truck with work materials and tools daily; instructing co-workers on the safety protocols for each project; ensuring co-workers abided by said safety protocols; installing and fixing water pipes, sewers, and water mains for both private and public use; and assisting on emergency jobs involving damaged water pipes, sewers, and water mains for both private and public customers. *Id.* at ¶ 4.

Throughout the statutory period, Defendants possessed power over payroll decisions, including the compensation paid to Plaintiff and similarly situated non-exempt employees. Second Amended Complaint ¶ 10. Defendants employed numerous other employees within the last six (6) years who worked in similar capacities to Plaintiff, had similar hours as Plaintiff, and who were compensated at similar rates of pay and by similar methods as Plaintiff. Aleman Decl. ¶¶ 14-23.

II.  **DEFENDANTS SUBJECTED EMPLOYEES TO UNIFORM COMPENSATION POLICIES AND PRACTICES.**

Defendants subjected all of their non-exempt employees to the same compensation

---

[3] *See* Plaintiff's Declaration submitted herewith. Further, all exhibits referenced herein are attached to the Declaration of Katherine Morales submitted herewith.

practices and policies. Aleman Decl. ¶¶14-25, 27-29. Though Defendants' non-exempt employees routinely worked more than forty (40) hours per week, Defendants compensated their non-exempt employees at a fixed hourly rate for the first forty (40) hours they worked and failed to provide overtime wages for all hours worked in excess of forty (40) hours per week. *Id.* at ¶¶ 23-24.

Throughout his employment with Defendants, Plaintiff's schedule was Mondays through Fridays from between approximately 7:00 a.m. and 8:00 a.m. to approximately 8:00 p.m., for an average of sixty-two and a half (62.5) hours worked per week. *Id.* at ¶ 8. Additionally on approximately twenty-five (25) occasions, he was required to work on emergency jobs, which required him to work from between approximately 7:00 a.m. and 8:00 a.m. to approximately 5:00 a.m. the next morning, totaling approximately nine (9) additional hours on those days Plaintiff worked on emergency jobs. *Id.* Defendants paid Plaintiff $22.50 per hour for up to forty (40) hours per week and provided no compensation for any hours in excess of forty (40) per week. *Id.* at ¶ 11.

Ron and Veronica were aware that non-exempt employees were working more than forty (40) hours per week without receiving overtime pay. *Id.* at ¶¶ 21, 24-26. Nevertheless, Defendants willfully ignored their statutory duty to properly compensate non-exempt employees for the overtime hours they worked. *Id.* at ¶ 25. Plaintiff and the similarly situated employees, who worked as foremen, plumbers, laborers, backhoe operators, and drivers for Defendants, worked similar schedules and were compensated in the same manner, which did not include the payment of overtime compensation. *Id.* at ¶¶ 14-23. Defendants' policies and practices of denying overtime compensation to their non-exempt employees did not vary from employee to employee and applied uniformly all non-exempt employees. *Id.*

**ARGUMENT**

**III.   COURT-AUTHORIZED NOTICE TO POTENTIAL PLAINTIFFS IS FAIR, EFFICIENT, AND ADVANCES PUBLIC POLICY AIMS.**

The FLSA authorizes employees to bring collective actions "on behalf of themselves and

other employees similarly situated." 29 U.S.C. § 216(b). Allowing FLSA suits to proceed as collective actions furthers the goal of judicial economy and enables the "efficient resolution in one proceeding of common issues of law and fact ...." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The alternative, a multitude of virtually identical individual suits, would unnecessarily burden courts and risk inconsistent judgments on claims arising from the same events and brought under the same laws. *See Fernandez v. Kinray, Inc.*, 2014 WL 7399303, at *7 (E.D.N.Y. Dec. 30, 2014) ("[The] FLSA's broad remedial nature and its collective action provision suggest that the act contemplates this very situation, and given the choice between litigating each claim separately or in the aggregate, it favors the later"); *Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978).

While the FLSA does not expressly require courts to authorize the sending of notice to potential opt-in plaintiffs, this Circuit has recognized that district courts "have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs" of the action and of their opportunity to opt-in as plaintiffs. *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010). It is appropriate to determine the collective motion early in the litigation, because the clock is running on potential opt-in plaintiffs' claims, so their claims do not become time-barred. *See Qi Zhang v. Bally Produce, Inc.*, 2013 WL 1729274, at *2 (E.D.N.Y. Apr. 22, 2013).

## IV.  PLAINTIFF EXCEEDS HIS LOW BURDEN UNDER 29 U.S.C. § 216(b).

In determining whether to certify a collective action, courts in this Circuit follow a two-step test. *Myers*, 624 F.3d at 555; *see Millin v. Brooklyn Born Chocolate, LLC*, 2020 WL 2198125, at *1 (E.D.N.Y. May 6, 2020). The Court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiff[ ] with respect to whether a FLSA violation has occurred." *Id.* (*citing Myers, supra*). At this stage, plaintiffs are required to "make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (internal quotations omitted); *Jian Guo Yang v. Zhou's*

4

*Yummy Rest., Inc.*, 2020 WL 2738403, at *3 (E.D.N.Y. Apr. 28, 2020) (noting that the inquiry at this stage is whether there are similarly situated employees and not an evaluation of the merits of the claims); *Finnigan v. Metro. Transportation Auth.*, 2020 WL 1493597, at *2 (E.D.N.Y. Mar. 26, 2020); *Rotari v. Mitoushi Sushi, Inc.*, 2020 WL 1289589, at *3 (E.D.N.Y. Mar. 18, 2020); *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 68 (E.D.N.Y. 2016). At this stage, "courts have long held that to satisfy the similarly situated standard, the [] plaintiff need only demonstrate a factual nexus between his or her situation and the situation of other current and former employees." *Lamb v. Singh Hospitality Grp., Inc.*, 2013 WL 5502844, at *8 (E.D.N.Y. Sept. 30, 2013); *see Miranda v. Gen. Auto Body Works, Inc*, 2017 WL 4712218, at *2 (E.D.N.Y. Oct. 18, 2017) (plaintiff's declaration stating observations and conversations with co-workers, along with the allegations in the complaint, meet the burden); *Cabrera v. Stephens*, 2017 WL 4326511, at *6 (E.D.N.Y. Sept. 28, 2017).

Given that the Court's decision to grant conditional certification at the first stage is preliminary and subject to reevaluation, Plaintiff's burden of demonstrating that potential plaintiffs are similarly situated is very low. *See Millin*, 2020 WL 2198125, at *1; *Miranda*, 2017 WL 4712218, at *2. The initial stage "generally takes place before any significant discovery". *McDermott v. Fed. Sav. Bank*, 2018 WL 6718599, at *4 (E.D.N.Y. Sept. 28, 2018), *report and recommendation adopted*, 2019 WL 1305992 (E.D.N.Y. Mar. 22, 2019). "At the initial certification stage, courts do not require proof of an actual FLSA violation but rather require the existence of a 'factual nexus' [] between the plaintiff's situation and the situation of other potential plaintiffs." *Castillo v. Perfume Worldwide Inc.*, 2018 WL 1581975, at *3 (E.D.N.Y. Mar. 30, 2018) (noting that "[t]his determination is typically based on the pleadings, affidavits and declarations submitted by the plaintiff or plaintiffs"); *Fa Ting Wang v. Empire State Auto Corp.*, 2015 WL 4603117, at *6 (E.D.N.Y. July 29, 2015) (finding that plaintiff's affidavits setting for defendant's plan to not pay overtime and identifying similarly situated employees was sufficient).

"At the initial certification stage, courts do not require proof of an actual FLSA violation, 'but rather that a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs.'" *Valerio*, 314 F.R.D. at 66. The plaintiff need not show that all the class members' claims are identical but merely must provide some evidence that the proposed class members are similarly situated. *Hanming Feng on behalf of himself & others similarly situated v. Soy Sauce LLC*, 2016 WL 1070813, at *2 (E.D.N.Y. Mar. 14, 2016) (holding that Defendants cannot defeat a "conditional certification motion by presenting conflicting factual assertions"). The Court's task at the initial stage "is merely to determine whether 'similarly situated' plaintiffs do in fact exist". *Fa Ting Wang*, 2015 WL 4603117, at *6. In applying this "fairly lenient standard," courts "typically grant conditional certification and authorize notice to potential plaintiffs." *Karic v. Major Automotive Companies, Inc.*, 799 F. Supp. 2d 219, 224 (E.D.N.Y. 2011).

Here, Plaintiff easily meets his minimal, initial-stage burden to conditionally certify a collective action. Plaintiff makes a strong preliminary showing, through the allegations in his Second Amended Complaint and sworn declaration, that Defendants uniformly subjected Plaintiff and other non-exempt employees to the same unlawful compensation policies that violated the FLSA. Moreover, Defendants' Employee Work Schedules not only demonstrate that Plaintiff was not compensated with overtime wages for all hours worked in excess of forty (40) per week, but also suggest that there at least thirteen (13) other similarly situated employees during any week.[4] See **Exhibit D** to the Morales Declaration. Further, Plaintiff's sworn declaration, which is based on his personal experience and knowledge acquired from other employees, specifically states that Defendants failed to pay Plaintiff and other non-exempt employees overtime compensation for hours worked in excess of forty (40) per work week. Aleman Decl. ¶¶ 14-23, 25, 28. Nothing more is

---

[4] Plaintiff's estimate that there are at least thirteen (13) other similarly situated employees during any week is based on the number of rows reflected in Defendants' Employee Work Schedules where an entry has been marked for an employee during the workweek.

necessary at the initial stage of conditional certification. *Cabrera*, 2017 WL 4326511, at *5; *see Yvonne Chui, on behalf of herself & all other persons similarly situated v. American Yuexianggui of Li Llc d/b/a Lou Joe Rest. & Xing Mei Chen.*, 2020 WL 3618892, at *9 (E.D.N.Y. July 2, 2020); *Jun Hua Yang v. Rainbow Nails Salon IV Inc.*, 2019 WL 2166686, at *5 (E.D.N.Y. May 16, 2019).

## V.    A COURT-AUTHORIZED NOTICE IS APPROPRIATE IN THIS CASE.

### A.    Methods of Dissemination.

In addition to sending the Court-authorized notice to similarly situated employees by the normal method of regular mail, Plaintiff seeks permission to send the notice via email; to post the notice at the Defendants' truck yard located at 85-01 127th Street, Kew Gardens, New York 11415 (the "Truck Yard"); and to send a message via SMS text message and messaging and social media applications (such as WhatsApp, Facebook Messenger, Instagram, Snapchat, or other applications) to potential plaintiffs directing them as to where they may find further information about this action.  While first class mail can be expected to arrive in most instances, it does not always do so. Mail can be mis-delivered, misplaced, taken from shared mailboxes, or left unopened, particularly when it is sent from unrecognized sources. Also, Defendants may not have accurate or current mailing addresses for their former employees as addresses can change. Consequently, the most practical method of distributing notices under these circumstances includes sending notice by email, text message, and instant message or social media applications to ensure that all or substantially all potential plaintiffs learn of this action.

Notices should be sent to current and former employees through as many methods as practicable. Issuing notices to putative collective members by email is reasonable and routinely authorized in this circuit. *Millin*, 2020 WL 2198125, at *3 ("There is no credible reason why notice should not be provided by email or text message, especially given the broad remedial purpose of the FLSA"); *Yvonne Chui*, 2020 WL 3618892, at *10; *Mason v. Lumber Liquidators, Inc.*, 2019 WL

7

2088609, at *15 (E.D.N.Y. May 13, 2019), *aff'd*, (E.D.N.Y. Aug. 19, 2019); *Valerio*, 314 F.R.D. at 74. Sending notice by mobile text message and social media handles also furthers the FLSA's broad remedial purpose and the goals of court-authorized notice. *Cabrera*, 2017 WL 4326511, at *8; *Zhongle Chen v. Kicho Corp.*, 2020 WL 1900582, at *9 (S.D.N.Y. Apr. 17, 2020); *Qiang Lu v. Purple Sushi Inc.*, 2020 WL 1303572, at *6 (S.D.N.Y. Mar. 19, 2020); *Lijun Geng v. Shu Han Ju Rest. II Corp.*, 2019 WL 4493429, at *20 (S.D.N.Y. Sept. 9, 2019); *Jian Wu v. Sushi Nomado of Manhattan, Inc.*, 2019 WL 3759126, at *13 (S.D.N.Y. July 25, 2019). Since mobile phones are by far the most accessible communication tool for many workers, notices sent by text message or through social media applications are likely to reach the largest number of potential plaintiffs and is appropriate here. *Lijun Geng*, 2019 WL 4493429, at *20; *Yvonne Chui*, 2020 WL 3618892, at *10; *Portilla v. Bridgehampton Stone, Inc.*, 2019 WL 1128364, at *2 (E.D.N.Y. Mar. 12, 2019).

Finally, Plaintiff respectfully requests that the Court require the notice and the consent forms to be posted in a conspicuous location at the Truck Yard. "Posting notice in the workplace maximizes potential plaintiffs' opportunities to be informed of the pendency of the litigation and consider whether to opt in." *Guo Qing Wang v. H.B. Restaurant Group, Inc.*, 2014 WL 5055813, at *6 (S.D.N.Y. Oct. 7, 2014). "Courts in the Second Circuit 'regularly approve plaintiffs' requests to post notices and consent forms in 'non-public areas' where potential collective members are likely to congregate, such as clock-in stations or break rooms.'" *Yvonne Chui*, 2020 WL 3618892, at *11; *Portilla*, 2019 WL 1128364, at *10 ; *Cabrera*, 2017 WL 4326511, at *8; *Lijun Geng*, 2019 WL 4493429, at *20; *Hernandez v. Bare Burger Dio Inc.*, 2013 WL 3199292, at *5 (S.D.N.Y. June 25, 2013) (collecting cases). As Defendants' unlawful compensation policies affect employees who continue to work for Defendants, it is crucial that the notice be posted in a conspicuous location at the Truck Yard.

B.   **Language for Notices.**

Plaintiff's proposed Court-Authorized Notice and Consent to Join is attached as **Exhibit B**. The proposed notice is substantially similar to notices that have been approved in prior cases within this district, and achieves "the goals of the notice: to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burden on the defendants." *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 356 (E.D.N.Y. 2012). Since Plaintiff and other potential plaintiffs are native Spanish speakers, the proposed notice has been drafted in both English and Spanish languages. *Cabrera*, 2017 WL 4326511, at *8 (noting that publishing the notice in English and Spanish is a practical request that "reasonably further[s] the purpose of notice of a collective action under the FLSA"); *Valerio*, 314 F.R.D. at 76; *Gutierrez v. Almond Fruit Corp.*, 2016 WL 11670640, at *9 (E.D.N.Y. Dec. 13, 2016).

Additionally, attached as **Exhibit C** is Plaintiff's proposed reminder postcard. By notifying potential plaintiffs that their right to join this lawsuit is limited, the reminder postcard further promotes the FLSA's broad remedial purpose, as well as the goal of court-authorized notice, by promoting efficient case management through notification and joinder of claims. *Meo v. Lane Bryant, Inc.,* 2019 WL 5157024, at *13 (E.D.N.Y. Sept. 30, 2019) (noting that "the weight of caselaw in the Second Circuit has in recent years moved towards approval of reminder notices"); *Cabrera*, 2017 WL 4326511, at *8; *Chhab v. Darden Rest., Inc.*, 2013 WL 5308004, at *16 (S.D.N.Y. Sept. 20, 2013).

Lastly, Plaintiff respectfully requests the Court's approval of the following notice to be disseminated to potential plaintiffs via text message and social media:

> If you have been employed as foremen, plumbers, laborers, backhoe operators, and drivers at Top Dog Plumbing & Heating Corp. or First Choice PL, Inc. anytime since January 24, 2014, you might be entitled to join a lawsuit claiming back pay for unpaid overtime compensation. For additional information about the case, including how to join, please i) call the employees' attorneys at 212-460-0047 extension 1 or ii) email at info@katzmelinger.com or iii) text at 929-515-3232.

9

C.      **Expedited Disclosure Of Names And Contact Information.**

In order to provide potential opt-in plaintiffs with notice of this lawsuit, Plaintiff requires discovery of the names and contact information for those individuals. "[C]ourts often grant this kind of request in connection with a conditional certification of an FLSA collective action." *Hernandez*, 2013 WL 3199292, at *5 (collecting cases); *see, e.g., Hotaranu v. Star Nissan Inc.*, 2017 WL 1390808, at *7 (E.D.N.Y. Apr. 12, 2017) (ordering defendants to provide all required contact information within fourteen days); *Zhongle Chen*, 2020 WL 1900582, at *9 (directing the defendants to provide all contact information including social media handles within fourteen days).

Accordingly, Plaintiff respectfully requests that the Court direct Defendants to produce, within ten (10) days of entry of the Court's Order granting Plaintiff's Motion for Conditional Certification, a computer-readable list of the names, last known addresses, telephone numbers, email addresses, social media handles, social security numbers[5], dates of employment, titles, compensation rates, and hours worked per week for all persons employed by Defendants as non-exempt, overtime-eligible employees who worked for Defendants as foremen, plumbers, laborers, backhoe operators, and drivers since the date six (6) years preceding the date Plaintiff filed his initial Complaint. *Fang v. Zhuang*, 2010 WL 5261197, at *4 (E.D.N.Y. Dec. 1, 2010) (ordering the production of contact information including social security numbers); *Jian Wu*, 2019 WL 3759126, at *12 (noting that it is common to grant request for last known telephone numbers, email addresses and social security numbers); *Fonseca v. Dircksen & Talleyrand Inc.*, 2014 WL 1487279, at *6 (S.D.N.Y. Apr. 11,

---

[5] Plaintiff seeks the Social Security numbers of similarly situated employees so that Plaintiff's counsel can perform a skip trace for all notices returned as undeliverable due to a change of address. A large percentage of consent forms are typically returned as undeliverable, and the best way to locate these employees is to perform a search by Social Security number. For this reason, Social Security numbers are "routinely turned over to plaintiffs' counsel for purposes of notifying potential class members" after conditionally certifying a collective action. *Pippins*, 2012 WL 19379, at *14 (listing cases); *Fang*, 2010 WL 5261197, at *4; *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 339 (S.D.N.Y. 2010) (granting Plaintiffs' request for disclosure of class members' Social Security numbers).

2014); *Velasquez v. Digital Page, Inc.*, 2014 WL 2048425, at *15 (E.D.N.Y. May 19, 2014).

### D.    A Six Year Notice Period Is Appropriate.

Plaintiff has made a strong preliminary showing, that Defendants willfully violated the FLSA by failing to pay non-exempt employees overtime compensation for hours worked over forty (40) per week. The Complaint also asserts parallel state law violations of the New York Labor Law on behalf of Plaintiff. Therefore, should the Court grant this motion and authorize a notice to be sent to potential plaintiffs, Plaintiff respectfully requests that such notice be disseminated to similarly situated non-exempt employees who worked for Defendants since the date six (6) years prior to the date Plaintiff filed his initial Complaint, rather than the three-year period permitted under the FLSA.[6]

"When a plaintiff's complaint also includes NYLL claims, courts in this District routinely deny requests to limit the Notice time period to three (3) years, as even where claims are untimely under FLSA, they may shed light on the appropriateness of certifying a class action under the NYLL." *Fonseca*, 2014 WL 1487279, at *6; *Ansoralli v. CVS Pharmacy, Inc.*, 2017 WL 570767, at *3 (E.D.N.Y. Feb. 13, 2017) (collecting cases); *Millin*, 2020 WL 2198125, at *4.

## VI.    EQUITABLE TOLLING IS APPROPRIATE.

Finally, should the Court grant the instant motion, Plaintiff respectfully requests that, to avoid inequitable circumstances, the FLSA statute of limitations be tolled from the date on which this motion is filed until such time that Plaintiff is able to send notice to potential opt-in plaintiffs.[7]

---

[6] The FLSA expressly permits a three-year statute of limitations to remedy willful violations of the Act. *See* 29 U.S.C. § 255(a). Where the willfulness of a defendant's FLSA violations is pled by a plaintiff, courts in this Circuit generally apply the three-year statute of limitations for purposes of certifying a representative action. *See Ouedraogo v. A-1 Intern. Courier Serv., Inc.*, 2013 WL 3466810, at *4 (S.D.N.Y. July 8, 2013) ("[B]ecause willfulness is disputed, and in light of the facts of this case, the statute of limitations period, for FLSA collective notice purposes only, shall be three years"); *Slamna v. API Restaurant Corp.*, 2013 WL 3340290, at *4 (S.D.N.Y. July 2, 2013) (at conditional certification, plaintiff need not provide evidence to establish willfulness in order for the three-year period to be utilized for notification purposes).

[7] Pursuant to the Court's February 3, 2020 Order in FLSA Case (Dkt. No. 10), in the event the Court grant's this Motion, the limitations period for any person receiving notice will be tolled from February 3, 2020 until January 8, 2021 – the date the parties filed their Rule 26(f) Proposed Discovery Plan.

Courts have discretion to toll a statute of limitations as necessary "to avoid inequitable circumstances." *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (in the context of collective actions, district courts in this and other Circuits have increasingly granted requests for equitable tolling "to avoid the prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of [such cases]," especially where plaintiffs have diligently pursued their claims); *Yahraes v. Rest. Associates Events Corp.*, 2011 WL 844963, at *2 (E.D.N.Y. March 8, 2011); *see, e.g. Kemper v. Westbury Operating Corp.*, 2012 WL 4976122, at *3 (E.D.N.Y. Oct. 17, 2012); *McGlone*, 867 F. Supp. 2d at 445.

Here, Plaintiff moved for conditional certification promptly after Court ordered mediation and included a proposed briefing schedule for this motion in the parties' proposed discovery plan, which was so-ordered by the Court. Plaintiff respectfully requests that the Court follow the district court decisions cited above and, to avoid "an inequitable result," toll the FLSA statute of limitations from the date this motion is filed. *Yahraes*, 2011 WL 844963 at *2.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court grant Plaintiff's Motion in its entirety.

Dated: New York, New York
       February 26, 2021

                                        KATZ MELINGER PLLC

                          By:    */s/ Katherine Morales*
                                 Katherine Morales
                                 280 Madison Avenue, Suite 600
                                 New York, New York 10016
                                 Telephone: (212) 460-0047
                                 Facsimile: (212) 428-6811
                                 kymorales@katzmelinger.com
                                 *Attorneys for Plaintiffs*

12