UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHAEL ALEMAN-VALDIVIA and FREDDY
SANCHEZ, individually and on behalf of all                    20-CV-421 (LDH)(PK)
others similarly situated,
                          Plaintiffs,

   - against -

TOP DOG PLUMBING & HEATING CORP.,
FIRST CHOICE PL, INC., VERONICA
AZULAI, and RON MAIMON AZULAI,
                         Defendants.
-------------------------------------------------------------X

## FIRST CHOICE DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF MICHAEL ALEMAN-VALDIVIA'S MOTION FOR CONDITIONAL CERTIFICATION; COURT-AUTHORIZED NOTICE AND EXPEDITED DISCOVERY

The Law Offices of Neal Brickman, P.C.
Neal Brickman
Ethan Leonard
420 Lexington Avenue - Suite 2811
New York, New York 10170
(212) 986-6840
ethan@brickmanlaw.com

Table of Contents

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

Limited Statement of Background Facts . . . . . . . . . . . . . . . . .   2

Argument

    Point I

    PLAINTIFF HAS NOT MET THE NECESSARY STANDARD
    TO WARRANT CONDITIONAL CERTIFICATION . . . .   5

    Point II

    EVEN IF CONDITIONAL CERTIFICATION IS
    CONSIDERED BY THE COURT, THE PROPOSED
    CLASS IS TOO BROAD . . . . . . . . . . . . . . . . . . . . . . .   6

    A.    The Proposed Class Contains Positions Not
           Similarly Situated To Plaintiff . . . . . . . . . . .   6

    B.    The Proposed Class Is From To Long A Date Range . . . .   8

    Point III

    IF THE COURT SHOULD CONSIDER CONDITIONAL
    CERTIFICATION IT SHOULD DIRECT CERTAIN CHANGES
    TO PLAINTIFF'S PROPOSED NOTICES . . . . . . . . . . .   10

    A.    The Form Of The Proposed Notice Should Be Amended . .   10

    B.    The Proposed Reminder Notice . . . . . . . . . . .   11

    C.    The Proposed Methods Of Dissemination Are Too
           Expansive . . . . . . . . . . . . . . . . . . . . . . .   11

Point IV

PLAINTIFF'S DISCOVERY REQUESTS ARE TOO
EXPANSIVE ........................... 12

A.   Disclosure of Social Security Numbers and Social
     Media Identifications Are Impermissibly Invasive,
     Especially At This Juncture ................ 12

Conclusion ................................ 13

Table of Authorities

*Anglada v. Linens 'N Things, Inc.*,
    2007 U.S. Dist. LEXIS 39105
    (S.D.N.Y. April 26, 2007) . . . . . . . . . . . . . . . . . . . . .  8

*Benavides v. Serenity Spa NY Inc.*,
    166 F. Supp. 3d 474 (S.D.N.Y. 2016) . . . . . . . . . .  7

*Bittencourt v. Ferrara Bakery & Café, Inc.*,
    310 F.R.D. 106 (S.D.N.Y. 2015) . . . . . . . . . . . . . . .  8

*Boice v. M+W U.S., Inc.*,
    130 F. Supp. 3d 677 (N.D.N.Y. Sept. 11, 2015) . . . . . . . . . .  5

*Castillo v. Perfume Worldwide Inc.*,
    2018 U.S. Dist. LEXIS 54573 (E.D.N.Y. 2018) . . . . . . . . . .  5

*Chui v. Am. Yuexianggui of Li LLC*,
    2020 U.S. Dist. LEXIS 117296  2020 WL 3618892
    (E.D.N.Y. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . .  6,11

*Chowdhury v. Duane Reade, Inc.*,
    2007 U.S. Dist. LEXIS 73853, 2007 WL 2873929
    (S.D.N.Y. Oct. 2, 2007) . . . . . . . . . . . . . . . . . . . . .  12

*Colozzi v. St. Joseph's Hosp. Health Ctr.*,
    595 F. Supp.2d 200 (N.D.N.Y. 2009) . . . . . . . . . .  12

*Delaney v. Geisha NYC, LLC*,
    261 F.R.D. 55 (S.D.N.Y. 2009) . . . . . . . . . . . . . . .  12

*Dybach v. State of Fla. Dep't of Corrections*,
    942 F.2d 1562 (11th Cir. 1991) . . . . . . . . . . . . . . .  5

*Elamrani v. Henry Limousine, Ltd.*,
    2016 U.S. Dist. LEXIS 133990, 2016 WL 5477590
    (E.D.N.Y. Sept. 28, 2016) . . . . . . . . . . . . . . . . . . . . .  5

*Fasanelli v. Heartland Brewery, Inc.*,
    516 F. Supp. 2d 317 (S.D.N.Y. 2007) . . . . . . . . . .  8

*Hanming Feng v. Soy Sauce LLC*,
    2016 U.S. Dist. LEXIS 32820 2016 WL 1070813
    (E.D.N.Y. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . .   7,8,9,10,12

*Khan v. Airport Mgmt. Servs.*, LLC,
    2011 U.S. Dist. LEXIS 133134, 2011 WL 5597371
    (S.D.N.Y. Nov. 16, 2011) . . . . . . . . . . . . . . . . . . . . .   5

*Lujan v. Cabana Mgmt.*,
    2011 U.S. Dist. LEXIS 9542, 2011 WL 317984
    (E.D.N.Y. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

*Myers v. Hertz Corp.*,
    624 F.3d 537 (2nd Cir. 2010) . . . . . . . . . . . . . . . . . . . . .   5

*Morales v. Plantworks*, Inc.,
    2006 U.S. Dist. LEXIS 4267, 2006 WL 278154
    (S.D.N.Y. Feb. 2, 2006) . . . . . . . . . . . . . . . . . . . . .   5

*Prizmic v. Armour, Inc.*,
    2006 WL 1662614 (E.D.N.Y Dec. 7, 2012) . . . . . . . . . .   7

*Qian Xiong Lin v. DJ's Int'l Buffet Inc.*,
    2019 U.S. Dist. LEXIS 193947, 2019 WL 5842798
    (E.D.N.Y. Nov. 7, 2019) . . . . . . . . . . . . . . . . . . . . .   12

*Romero v. La Revise Assocs., L.L.C.*,
    968 F. Supp. 2d 639 (S.D.N.Y. 2013) . . . . . . . . . .   7,8,9

*Sanchez v. JMP Ventures, L.L.C.*,
    2014 U.S. Dist. LEXIS 14980, 2014 WL 465542
    (S.D.N.Y. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . .   5,7

*Shajan v. Barolo, Ltd.*,
    2010 U.S. Dist. LEXIS 54581, 2010 WL 2218095
    (S.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

*Valerio v. RNC Indus., LLC*,
    314 F.R.D. 61 (E.D.N.Y. 2016) . . . . . . . . . . . . . . . .   5

*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
    767 F. Supp. 2d 445 (S.D.N.Y. 2011) . . . . . . . . . .   8,12

Defendants First Choice PL, Inc. ("First Choice"), Ron Maimon Azulai, ("Mr. Azulai"), and Veronica Azulai ("Mrs. Azulai", and together with First Choice and Mr. Azulai, the "First Choice Defendants"), by and through their attorneys, The Law Offices of Neal Brickman, P.C., respectfully submit this Memorandum of Law on Opposition to Plaintiff Michael Aleman-Valdivia's ("Aleman-Valdivia" or "Plaintiff") motion for conditional certification; court authorized notice pursuant to section 216(b) of the FLSA; and for expedited discovery.

## Preliminary Statement

Contrary to the unsupported assertions of Plaintiff, he has not even met the minimal standards for justifying a conditional class certification of the scope and size he seeks. Plaintiff can only make conclusory assertions with regard to not only his qualifications individually, but also as to his being similarly situated to other employees he attempts to include in the class. While he does set forth various names in his Declaration in support, many of those individuals do not exist, were never employed by First Choice, were not employed by First Choice at the same time as Plaintiff, or have signed statements contrary to the allegations in both the Amended Complaint and Plaintiff's Declaration herein. Moreover, Plaintiff was not even employed with First Choice during a majority of the time that he is claiming. Further, his position as foreman precludes the required nexus between him and potential members of the purported -- but unwarranted -- class. Ultimately, this is one of the rare cases in which conditional certification should be denied, especially as to any potential claims aside from Plaintiff's purported FLSA overtime violations.

In addition, even should the Court consider conditional certification of a purported class concerning alleged FLSA overtime violations - any such violations are denied herein – equity requires that the proposed notice needs to be amended so as to fairly notify any potential class

1

members of the actual basis for Plaintiff's claims. Similarly, the reminder notice - while unnecessary – if allowed, much contain a disclosure concerning the position of the First Choice Defendants so as to avoid undue prejudice. In addition, the methodology of notice sought by Plaintiff is unfairly and prejudicially broad and should be limited to mail, posting and text, if available. Finally, the scope of discovery sought is improperly invasive and unwarranted at this early stage of the litigation.

Limited Statement of Background Facts[1]

As an initial matter, Plaintiff did not work for First Choice in 2014 or 2015. The first time Plaintiff worked for first Choice was 2016. Weekly pay records first record Plaintiff as being in the employ of First Choice in March 2016. As Plaintiff did not work for First Choice prior to 2016, he cannot be said to similarly situated to any individual who was employed by First Choice prior to 2016. (Declaration of Ron Azulai Paragraphs 6-7 (hereinafter "Azulai ¶").

In addition, Plaintiff has asserted that he was a Foreman. (Plaintiff's Declaration Paragraph 4) (hereinafter "P.Decl.¶ """)). As such, he cannot now claim that he was similarly situated to "plumbers, laborers, backhoe operators, and /or drivers." He was the on-site supervisor, ensuring compliance with rules and protocols for his crew when he was in the field – which is where he did all of his work for First Choice. (P.Decl.¶4; Azulai ¶8). Plaintiff has acknowledged that he did not work alone, but as part of a crew. (P.Decl.¶4; Azulai ¶9). On any given day, the various crews employed by First Choice worked independently at completely different work sites. (Azulai ¶10). During the day each crew also controlled its work schedule during the permitted workday. The foreman of each crew was responsible for determining

---

[1] While the actual factual allegations from movant must be given deference, the Court need not accept bare conclusory recitations.

breaks, including lunch breaks. (Azulai ¶13). Plaintiff cannot claim that he was not given meal or rest breaks when he controlled the same. (Azulai ¶14). In addition, he certainly cannot claim that he was similarly situated to those employees who were not in control of such breaks for his team. (Azulai ¶15).

The outside timing of each job was governed by the permits provided by the Department of Transportation ("DOT"); sometimes this would even be 10 a.m. to 2 p.m. In all cases, however, First Choice employees only worked until 5:00 p.m. (Azulai ¶11). Those permits also reflect that Plaintiff's claims that he worked 7:30 a.m. to 8:00 p.m. on a daily basis are also knowingly false. It should also be noted, aside from the truth that work was completed each day before 5:00 p.m., the Azulais are religiously observant and take their obligations seriously. As such, Mr. Azulai is committed to be home well before sundown on the Sabbath (commencing Friday evening) to celebrate Shabbat. Fridays were even earlier days depending on the time of year. All employees also received full pay for all Jewish holidays. (Azulai ¶12). The permits also put to rest the now seemingly abandoned claim for public works projects raised throughout the Amended Complaint, but seemingly not part of the instant motion.

The role of the drivers was to run necessary errands during the day. Sometimes that would include bringing employees to and from the job site, but also obtaining necessary equipment or materials that were not originally brought to a particular job site. Each driver controlled his own time during the day. Drivers were not assigned to a specific crew on any given day. They cannot be said to be similarly situated to any other employees, much less a foreman, like Plaintiff. (Azulai ¶15).

Plaintiff's has admitted that he stopped working for First Choice in March 2018. (P.Decl.27). His allegations concerning communications after he stopped showing up for work

at First Choice in March 2018 should not be considered. Of the four individuals he listed in Paragraph 28, one (Eliseo) is completely unknown to the First Choice Defendants; one (Walter) only worked for a very short time and left after he assaulted another employee and was threatened with police action by that employee; one (Orlando Cruz) provided a signed statement that directly contradicts the statement in the Amended Complaint and Plaintiff's Declaration; and one (Salvador Lopez) is also unknown to the First Choice Defendants.  First Choice, has, and does, employ an individual named Salvador Flores, but not Salvador Lopez.  Mr. Flores also signed a statement similar to that of Mr. Cruz. (Azulai ¶18).  Those statements included the following statements:

> At all times while I have been working at First Choice PL Inc., I have been paid well over minimum wage. On any occasions that I worked overtime, I was always paid time and a half for each such overtime hour worked.  I always knew what I was going to paid and got paid the agreed upon amount. I have always been paid fully and on time at all time while working for First Choice PL Inc.  I have always been paid by a foreman or Ron Azulai. I have never been paid by Mr. Azulai's wife. I have never seen Mr. Azulai's wife in the yard. I have never discussed my pay or any aspect of my employment with Mr. Azulai's wife.  It was always Mr. Azulai who discussed my pay and any aspect of my work for First Choice PL Inc.  I have observed Mr. Azulai having conversations about pay, hours or job duties with other employees, but have never observed or even heard of any employee having any conversations like that with Mr. Azulai's wife.  I know that the Azulais' have several children who Mr. Azulai's wife takes care of.
>
> The yard was only open Monday to Friday from 8 a.m. to 6 p.m., at the latest, and we usually worked Monday through Friday from 8:30 a.m. to, no later than 5 p.m. with time for lunch and other breaks.  At all other times the yard was locked and the trucks and other equipment were locked inside.  During the entire time that I have worked for First Choice PL Inc., there was only one emergency situation that I am aware of which required anyone to work outside of the normal yard hours."

In addition, other employees have signed statements, including four long-time employees who, similar to Plaintiff, sometimes took on the role of foremen. (Same are attached to the Azulai Declaration as Exhibit "A" and contain similar statements to those set forth above).

4

<u>Argument</u>

Point I

<u>PLAINTIFF HAS NOT MET THE NECESSARY STANDARD TO WARRANT CONDITIONAL CERTIFICATION</u>

While conditional certification of FLSA claims does not require a high burden, the cases are nigh on unanimous that it cannot be satisfied simply by "unsupported assertions." *Myers v. Hertz Corp.*, 624 F.3d 537 (2nd Cir. 2010) *quoting, Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991); *see also, Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 2015 U.S. Dist. LEXIS 122726, 2015 WL 5316115, at *11 (N.D.N.Y. Sept. 11, 2015) ("[A]lthough the burden on the plaintiff at this preliminary stage is modest, 'it is not nonexistent.'" (*quoting Khan v. Airport Mgmt. Servs.*, LLC, No. 10-CV-7735, 2011 U.S. Dist. LEXIS 133134, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011)); *Morales v. Plantworks, Inc.*, 2006 U.S. Dist. LEXIS 4267, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) ("conclusory allegations are not enough" to satisfy standards at the first stage of collective action certification); *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61 (E.D.N.Y. 2016); *Castillo v. Perfume Worldwide Inc.*, 2018 U.S. Dist. LEXIS 54573 (E.D.N.Y. 2018) ("Although plaintiff's 'burden of proof is low, it is not non-existent — certification is not automatic.'" *Elamrani v. Henry Limousine, Ltd.*, 2016 U.S. Dist. LEXIS 133990, 2016 WL 5477590, at *4 (E.D.N.Y. Sept. 28, 2016) (*quoting Sanchez v. JMP Ventures, L.L.C.*, 2014 U.S. Dist. LEXIS 14980, 2014 WL 465542, at *1 (S.D.N.Y. 2014)). None of the cases cited by Plaintiff stand for a contrary position.

In the instant case, Plaintiff only makes conclusory allegations as to the other potential class members. He does not identify a single specific conversation, likely because he cannot. In addition, he was not employed for a majority of the time that he has asserted and certainly did

not overlap during that period with all of the individuals which he does identify in his Declaration. In fact, certain of the individuals identified were never employees of First Choice or have signed statements asserting positions and facts diametrically opposed to Plaintiff. Moreover, Plaintiff, while admitting that he was a foreman, a supervisor, with responsibility for the actions of his crew and for ensuring that protocols were adhered to, still asserts that he was similarly situated. Finally, as Mr. Azulai noted, the drivers are not similarly situated to any other employees, they are not even tied to a particular crew on a given day. They control their own schedule, just as the foreman would control his and that of his crew. The required nexus has not been demonstrated.

Conditional certification should be denied.

## POINT II

## EVEN IF CONDITIONAL CERTIFICATION IS CONSIDERED BY THE COURT, THE PROPOSED CLASS IS TOO BROAD

A.   The Proposed Class Contains Positions Not Similarly Situated To Plaintiff.

As set forth above, Plaintiff has acknowledged that he a foreman. The proposed class should not include any other job positions. The other proposed positions were not supervisory in nature. This is a material variance. While the variance is somewhat lessened if the class is limited to solely FLSA overtime claims, and no other claims or disputes, it is still a material variance warranting denial of such an expanded scope. As to other claims, like that of breaks, lunch or otherwise, as a supervisor, he is in a dramatically different role, as he set the schedule for the rest of his crew. Certification -- to the extent it is sought, which it apparently it is not -- would certainly be unwarranted for any such claims. See *e.g., Chui v. Am. Yuexianggui of Li LLC*, 2020 U.S. Dist. LEXIS 117296 2020 WL 3618892 (E.D.N.Y. 2020) (Limiting conditional certification to a smaller collective than sought by Plaintiff, as relevant allegation was "[a]ll the

6

restaurant employees were paid a fixed salary irrespective of the number of hours worked per week."); see also, *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 481-82 (S.D.N.Y. 2016) ("Conclusory allegations are not sufficient to support a motion for conditional collective action certification."); *Sanchez,* 2014 U.S. Dist. LEXIS at 14980 (denying conditional certification where plaintiff provided only "generalized allegations" without "any detail as to a single such observation or conversation"); *Prizmic v. Armour, Inc.*, 2006 WL 1662614, at *2 (E.D.N.Y Dec. 7, 2012). In addition, it is clear that the drivers, also should not be part of any conditionally certified class.

At a bare minimum, conditional certification should be limited to the sole issue of FLSA overtime violations. It should not include New York Labor Law Claims as Plaintiff is clearly in a different position than the other proposed class members. The Court's conclusions in *Hanming Feng v. Soy Sauce LLC*, 2016 U.S. Dist. LEXIS 32820 2016 WL 1070813 (E.D.N.Y. 2016), as cited by Plaintiff, are particularly instructive in this regard:

> Plaintiff improperly includes state-law claims as a basis for the FLSA collective action. Collective actions under the FLSA encompass only FLSA violations. See Shahriar, 659 F.3d at 247. However, Plaintiff defines the proposed collective action to raise claims under the NYLL and NYCRR for minimum wage, overtime, failure to provide a Time of Hire notice, properly record employment periods, and to provide vacation time and accurate paystubs. To bring state-law claims on behalf of others against Defendants, Plaintiff must seek class certification pursuant to Rule 23. See Romero v. La Revise Assocs., L.L.C., 968 F. Supp. 2d 639, 648-49 (S.D.N.Y. 2013) (limiting FLSA collective action class to FLSA claims when NYLL claims had not yet been certified pursuant to Rule 23). Because Rule 23 certification has not been requested, I limit my consideration to the FLSA claims Plaintiff identifies, under the FLSA's minimum wage, overtime and notice provisions, to determine whether he is similarly situated to the proposed class members.

Additional claims under the FLMA should also be excluded.² *Hanming Feng*, 2016 U.S. Dist. LEXIS 32820 (Denying expansion of conditional certification claims to minimum wage or other purported violations where specific of pay not alleged); see also, *Bittencourt v. Ferrara Bakery & Café, Inc.*, 310 F.R.D. 106, 115-16 (S.D.N.Y. 2015) (holding conditional certification not appropriate where potential plaintiffs are possibly subject to separate unlawful policies involving different FLSA violations").

B.  The Proposed Class Is From To Long A Date Range.

While it is axiomatic that the statute of limitations under the FLSA is two years, three years has been routinely excepted as the standard for conditional certification analysis. *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) ("Because the statute of limitations runs for each individual plaintiff until he consents to join the action, courts generally permit plaintiffs to send notice to those employed during the three year period prior to the date of the Order or to the mailing of the notice"); *Anglada v. Linens 'N Things, Inc.*, 2007 U.S. Dist. LEXIS 39105, at *26 (S.D.N.Y. April 26, 2007); *Romero*, 968 F. Supp. 2d at 648-49 (limiting the proposed class to employees who worked for the defendant up to three years prior to filing of the complaint because that is the extent of the statute of limitations for willful violations of the FLSA); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007) (notice limited to individuals employed by defendants over the past three years). The proposed expansion to six (6) years based on alleged violations of New York Labor Law is unwarranted for a variety of reasons. First, such claims require Rule 23 certification which has not even been sought (as is required), and if sought, would not be warranted.

---

² It should be noted that Plaintiff's Memorandum does not seek these expansions and thus they should never be permitted, but the allegations are still contained in Plaintiff's Declaration.

*Hanming Feng*, 2016 U.S. Dist. LEXIS 32820; *Romero*, 968 F. Supp. 2d at 648-49. Second, any such certification would, as set forth above, be limited to purported overtime violations, given the proposed plaintiff and the allegations within Plaintiff's instant Declaration. Third, no details as to any purported New York Labor Violations were set forth in the moving papers and should not be considered after the fact. As such, and giving Plaintiff the benefit of the doubt, the relevant time period should be three-years from the date any potential plaintiff opt ins.

    Even if the statute were to be tolled, as Plaintiff now requests, the three years would, in the normal course, run from the date of filing of the instant motion, namely February 26, 2021. Plaintiff is correct though that Judge Kuo directed that any such statutory period should be tolled during the period between her Order of February 3, 2020 and the filing of the Rule 26(f) proposed discovery plan on January 8, 2021. This brings the date from February 26, 2018 to April 10, 2017, which is the earliest date that should be permitted for the instant conditional class certification. It should also be noted that, given the allegations in Plaintiff's Declaration, no tolling aside from that ordered by Judge Kuo should be considered. Equitable tolling is just that -- "equitable."[3] Given Plaintiff allegations that he conferred on a regular basis with his co-workers about, inter alia, not getting sufficient overtime pay and it is clear that he stopped showing up for work at First Choice in March 2018, those discussions necessarily took place, at a minimum, three (3) years ago. It is unclear what equity would allow a potential plaintiff to sit on admittedly -- as per Plaintiff -- known claims for over three years without taking any action whatsoever, and then get the benefit of additional tolling. It simply does not fit into any analysis

---

[3] It further appears that prior to this motion, Plaintiffs have been contacting former and current employees of FLSA about their action and have attempted to recruit other employees to their cause, as well as divulging – albeit with false facts – confidential settlement discussions.

of equity whatsoever. As such, it is respectfully submitted that the proposed conditional certification should be limited to three years from the date any potential plaintiff actually opts in – plus the period as directed by Judge Kuo namely: February 3, 2020 to January 8, 2021.

## POINT III

### IF THE COURT SHOULD CONSIDER CONDITIONAL CERTIFICATION IT SHOULD DIRECT CERTAIN CHANGES TO PLAINTIFF'S PROPOSED NOTICES

A.      The Form Of The Proposed Notice Should Be Amended.

As an initial matter, the written notice should include the alleged bases upon which Plaintiffs purportedly relies to support his FLSA overtime claims, namely: (1) that he worked from 7:30 a.m. to 8:00 p.m. every weekday; (2) that on at least twenty-five occasions he worked from 7:30 a.m. to 5:00 a.m. the next morning; and (3) that he routinely worked on public works projects while employed by First Choice.

In addition, the Notice should include "a neutral and non-technical reference to discovery obligations, to ensure that opt-in plaintiffs understand that their participation would entail greater obligations than participation in some Rule 23 class actions." *Hanming Feng v. Soy Sauce LLC*, 2016 U.S. Dist. LEXIS at 32820; *quoting, Lujan v. Cabana Mgmt.*, 2011 U.S. Dist. LEXIS 9542, 2011 WL 317984, at *11 (E.D.N.Y. 2011) (Recognizing propriety of notice that contained the following language: "as a result of participating in the FLSA portion of this lawsuit, [he or she] may be required to provide written responses to questions asked by Defendants, provide evidence to support [their] claims, and testify at a deposition or at trial" and remind the potential opt-in plaintiffs that they can retain counsel of their own).

B.  The Proposed Reminder Notice.

The reminder notice is unwarranted. As mentioned above, according to Plaintiff he has already discussed the basis of his claims with employees of First Choice. It appears that plaintiffs have contacted former and current employees of First Choice since commencing the instant litigation and subsequent to the initial mediation of the same. Additional reminders constitute under and unfair pressure on any current or former employees and only will serve to sour the work environment at First Choice unduly as well as continue to unfairly smear and besmirch the reputations of the First Choice Defendants, especially Mrs. Azulai who plaintiffs know played no role in the bad acts that they have alleged. Even if the Court should decide to allow a reminder notice, it is imperative for the sake of fair play for it to include the notification that: "Defendants deny any wrongdoing and/or liability and maintain that all of their employees were and continue to be paid fairly and in accordance with federal and state labor laws" and that such declaration be printed in a font no smaller than the largest other font on the notice.

C.  The Proposed Methods Of Dissemination Are Too Expansive.

Plaintiff seeks to have the notices sent by mail, by email, by text, as well as being posted at the Yard and on social media. This is blatant overkill and designed solely to harass and impugn the First Choice Defendants. Should the Court decide to grant conditional certification, with the caveats above, the First Choice Defendants do not object to the mailing, emailing, and posting in the Yard of the Notice, nor do they object to same being presented in both Spanish and English. However, there is absolutely no basis to publish the same through social media of any form. *Chui*, 2020 U.S. Dist. LEXIS at 117296 (Court declined to permit plaintiff to disseminate notice through social media without specific showing of need or justification to deviate from the traditional methods generally accepted by courts sitting in this Circuit for dissemination of notice

to the putative collective members); see also, *Qian Xiong Lin v. DJ's Int'l Buffet Inc.*, No. 17-CV-4994, 2019 U.S. Dist. LEXIS 193947, 2019 WL 5842798, at *5 (E.D.N.Y. Nov. 7, 2019) (same).

Point IV

PLAINTIFF'S DISCOVERY REQUESTS ARE TOO EXPANSIVE

A.  Disclosure of Social Security Numbers and Social Media Identifications Are Impermissively Invasive, Especially At This Juncture.

While discovery is certainly within the Court's discretion, it has been widely maintained that discovery of social security numbers, and other highly confidential information, is not warranted absent a showing that less invasive methods have failed to effectuate notice. *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445 (S.D.N.Y. 2011); *Delaney v. Geisha NYC*, LLC, 261 F.R.D. 55, 60 (S.D.N.Y. 2009); *Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295 (GEL), 2007 U.S. Dist. LEXIS 73853, 2007 WL 2873929, at *6 (S.D.N.Y. Oct. 2, 2007); *Hanming Feng*, 2016 U.S. Dist. LEXIS at 32820; *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F. Supp. 2d 200, 201 (N.D.N.Y. 2009) ("[P]laintiffs have no need for the additional, inherently private information sought, including e-mail addresses, telephone numbers, social security numbers, and dates of birth."). Moreover, if the court ultimately does direct the disclosure of social security numbers, it should order a separate confidentiality agreement requiring, *inter alia*, strict limitations on their use, destruction of the same directly upon use for locating potential opt-in plaintiffs, and a certification of compliance. *Whitehorn*, 767 F. Supp. 2d at 445; *Shajan v. Barolo, Ltd.*, 2010 U.S. Dist. LEXIS 54581, 2010 WL 2218095, at * 1 (S.D.N.Y. 2010).

12

## Conclusion

WHEREFORE, it is respectfully submitted that Plaintiff's motion for a conditional certification; court authorized notice pursuant to FLSA §216(b); and for expedited discovery be denied in its entirety, that Plaintiff be denied any attorneys' fees for this motion, and that the Court grant to the First Choice Defendants any further relief as it deems fit and proper. In the alternative, Defendants respectfully request that any notices and the conditional certification be limited and amended in the manner detailed above.

Dated: New York, New York
      March 24, 2021

                                          The Law Offices of Neal Brickman, P.C.
                                          Neal Brickman
                                          Ethan Leonard
                                          420 Lexington Avenue - Suite 2811
                                          New York, New York 10170
                                          (212) 986-6840
                                          ethan@brickmanlaw.com