UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL ALEMAN-VALDIVIA and FREDDY SANCHEZ,
individually and on behalf of all others similarly situated,

                                                      Civil Action No.
                  Plaintiffs,                          1:20-cv-00421-LDH-PK

                 -against-

TOP DOG PLUMBING & HEATING CORP., FIRST CHOICE PL,
INC., VERONICA AZULAI, and RON MAIMON AZULAI,

                  Defendants.
------------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF PLAINTIFF MICHAEL ALEMAN-VALDIVIA'S MOTION
FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE
PURSUANT TO SECTION 216(b) OF THE FLSA AND FOR EXPEDITED DISCOVERY**

KATZ MELINGER PLLC
280 Madison Avenue, Suite 600
New York, NY 10016
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
*Counsel for Plaintiffs*

i

# **TABLE OF CONTENTS**

Table of Authorities ................................................................................................................... iii
PRELIMINARY STATEMENT .................................................................................................. 1
ARGUMENT ................................................................................................................................ 1
I.    PLAINTIFF EXCEEDS HIS LOW BURDEN AT THIS STAGE AND HAS DEMONSTRATED THAT HE IS SIMILARLY SITUATED ................................................................................. 1
II.    COMPETING FACTUAL ALLEGATIONS DO NOT UNDERMINE PLAINTIFF'S SHOWING . 3
III.    THE PROPOSED NOTICE IS APPROPRIATE AND A REMINDER NOTICE IS NECESSARY .. 3
IV.    THE EXPEDITED DISCLOSURE OF SOCIAL SECURITY NUMBERS AND SOCIAL MEDIA HANDLES IS NECESSARY ................................................................................................ 4
V.    A SIX YEAR NOTICE PERIOD IS APPROPRIATE ............................................................. 5
VI.    EQUITABLE TOLLING SHOULD BE GRANTED ................................................................ 5
CONCLUSION ............................................................................................................................. 5

# **TABLE OF AUTHORITIES**

**Cases**

*Cabrera v. Stephens,* 2017 WL 4326511 (E.D.N.Y. Sept. 28, 2017) .................................................. 4

*Calderon v. King Umberto, Inc.*, 892 F.Supp.2d 456 (E.D.N.Y.2012) .............................................. 2

*Cohan v. Columbia Sussex Mgmt., LLC*, 2013 WL 8367807 (E.D.N.Y. Sept. 19, 2013) ................ 2

*Guaman v. 5 M Corp.*, 2013 WL 5745905 (S.D.N.Y. Oct. 23, 2013) ................................................ 2

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y.2007) ...................................... 3

*Jian Wu v. Sushi Nomado of Manhattan, Inc.*, 2019 WL 3759126 (S.D.N.Y. July 25, 2019) ..................... 4

*Lijun Geng v. Shu Han Ju Rest. II Corp.*, 2019 WL 4493429 (S.D.N.Y. Sept. 9, 2019) .................. 4

*McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438 (S.D.N.Y. 2012) ...................................... 5

*Miranda v. Gen. Auto Body Works, Inc,* 2017 WL 4712218 (E.D.N.Y. Oct. 18, 2017) .................. 1

*Morris v. Lettire Const., Corp.*, 896 F. Supp. 2d 265 (S.D.N.Y. 2012)............................................. 2

*Panora v. Deenora Corp*, 2020 WL 7246439 (E.D.N.Y. Dec. 9, 2020)........................................... 4

*Summa v. Hofstra Univ.*, 715 F.Supp.2d 378 (E.D.N.Y.2010)................................................... 2, 3

*Winfield v. Citibank, N.A.*, 843 F.Supp.2d 397 (S.D.N.Y.2012) ...................................................... 3

*Yahraes v. Rest. Assocs. Events Corp.*, 2011 WL 844963 (E.D.N.Y. Mar. 8, 2011) ....................... 5

## PRELIMINARY STATEMENT

Plaintiff submits this Reply Memorandum of Law in further support of his motion as stated in the Notice of Motion ("Motion").[1] Defendants' opposition includes a Memorandum of Law ("Opp. Memo") and the declaration of Ron ("Ron Decl."). Plaintiff requests that the Motion be granted.

## ARGUMENT

### I. PLAINTIFF EXCEEDS HIS LOW BURDEN AT THIS STAGE AND HAS DEMONSTRATED THAT HE IS SIMILARLY SITUATED

Defendants insist that Plaintiff failed to meet the low burden for conditional certification. On the contrary, the Aleman Decl. provides a specific and detailed account of Plaintiff's observations and conversations with numerous similarly situated employees. See Aleman Decl. ¶¶ 14, 16, 18-19 (identifying 12 similarly situated employees, including 8 who worked on the same jobs as him, and 4 additional employees with whom he discussed work schedules and wages). Plaintiff also states that these employees were typically present at the Truck Yard on Fridays to pick up their wages, and complained that they were not paid overtime wages. *Id.* at ¶ 20. Plaintiff explained that he and 5 other employees complained to Defendants about their unlawful policy of not paying overtime wages, and stated that, based on conversations after his employment ended that Defendants' policy continued. *Id.* at ¶¶ 21, 26, and 28. Plaintiff provided sufficient evidence in the Motion to show a factual nexus between his situation and that of other employees. See Plaintiff's Memo, Point IV; *Miranda v. Gen. Auto Body Works, Inc,* 2017 WL 4712218, at *2 (E.D.N.Y. Oct. 18, 2017).

Defendants also seek to limit the collective class to foreman by arguing that that because Plaintiff was employed as a foreman, which Defendants contend is a supervisory position, he cannot be similarly situated to the remaining class members: plumbers, laborers, backhoe operators, and drivers. However, Defendants ignore that Plaintiff was simultaneously employed as

---

[1] For the full factual background of this matter, Plaintiff refers the Court to his Memorandum of Law in support of his Motion ("Plaintiff's Memo"); the Declaration of Katherine Morales ("Morales Decl."); and the Declaration of Plaintiff ("Aleman Decl."). The defined terms in Plaintiff's Memo are used herein.

1

a foreman and plumber (Aleman Decl. ¶¶ 3-4), which are both included in the definition of the collective class. Further, as is evident from Plaintiff's description of his duties (*id.* at ¶ 4), Plaintiff's duties as a foreman and plumber were manual, which is also true for those employed as plumbers, laborers, backhoe operators, and drivers. Further, at the conditional certification stage, the focus is on whether the putative class members are the victims of a common policy or plan, which violated the law, and less so on whether the putative class members performed identical job functions. *Cohan v. Columbia Sussex Mgmt., LLC*, 2013 WL 8367807, at *4 (E.D.N.Y. Sept. 19, 2013). Indeed, courts in this Circuit routinely reject attempts to limit certification based on job function and find employees similarly situated despite not having the same positions, job functions, and work sites, provided that they are subject to a common unlawful policy. *Guaman v. 5 M Corp.*, 2013 WL 5745905, at *4 (S.D.N.Y. Oct. 23, 2013); *Calderon v. King Umberto, Inc.*, 892 F.Supp.2d 456, 464 (E.D.N.Y.2012)(declining to limit certification to positions held by named plaintiffs); *Summa v. Hofstra Univ.*, 715 F.Supp.2d 378, 391 (E.D.N.Y.2010)(certifying employees despite varying positions and functions).

Defendants also briefly allude that Plaintiff worked with one of Defendants' crews and that these crews worked independently and at different sites. Even if this is the case, the crews were nonetheless controlled and operated by the individual defendants as the owners of First Choice. Further, Plaintiff identified at least 4 employees, who were not assigned to the projects he worked on, but with whom he discussed work hours and wages and learned that they were paid in the same manner. Aleman Decl. ¶¶ 18-20. Courts have found that where employees allege similar conduct across multiple sites, it is reasonable to infer that the same pattern of behavior occurred at other active sites. *Morris v. Lettire Const., Corp.*, 896 F. Supp. 2d 265, 271 (S.D.N.Y. 2012). Plaintiff made a strong preliminary showing that he and at least 12 other employees were subjected to the same unlawful compensation policies. Mere "variations in positions and job functions" among the proposed class "do[es] not, at this preliminary stage, change th[is] result." *Summa*, 715 F.Supp.2d at 391.

## II. COMPETING FACTUAL ALLEGATIONS DO NOT UNDERMINE PLAINTIFF'S SHOWING

Defendants urge the Court to consider their competing factual allegations and declarations.[2] However, doing so would require the Court to determine facts and evaluate credibility, which are inappropriate at this stage of conditional certification. "[B]efore discovery is completed, the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations." *Id.* at 384-85. While the veracity of the competing declarations will be vetted through discovery and may be raised by Defendants on a motion to decertify the collective action, Defendants' untested and self-serving declarations do not undermine Plaintiff's showing at this stage of conditional certification. *Winfield v. Citibank, N.A.*, 843 F.Supp.2d 397, 407 n. 6 (S.D.N.Y.2012) ("courts in this Circuit regularly conclude that [competing] declarations do not undermine the plaintiffs' showing" at the notice stage); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y.2007) (at the notice stage, "the factual variations defendants rely on do not undercut plaintiffs' allegations of common wage and overtime practices that violate the FLSA").

## III. THE PROPOSED NOTICE IS APPROPRIATE AND A REMINDER NOTICE IS NECESSARY

Without any basis or rationale, Defendants request that the notice state Plaintiff's work hours and that he worked on public projects. Such language may cause confusion and make potential opt-in plaintiffs believe they must have similar allegations or work hours in order to qualify. Without proposing any alternative language, Defendants also request "neutral and non-technical reference" to discovery obligations. The notice already offers clear and neutral language to alert potential opt-in plaintiffs of their rights and discovery obligations and should remain as proposed.

Defendants also request denial of a reminder notice by arguing it constitutes undue pressure. The case law in this Circuit has in recent years moved toward approving reminder notices. *Cabrera v. Stephens,* 2017 WL 4326511, at *8 (E.D.N.Y. Sept. 28, 2017). The purpose of the notice is to inform as

---

[2] The declarations included with the Ron Decl. are riddled with conclusory and nearly identical allegations and fail to include any Spanish translations although Plaintiff claims many employees are Spanish speakers. Also, while the Opp. Memo states that Orlando Cruz and Salvador Flores signed similar declarations, signed copies were not submitted.

many potential plaintiffs as possible of their right to opt-in; a reminder notice furthers this purpose, and does not pose undue pressure, particularly given that an opt-in procedure is required.

### IV. THE EXPEDITED DISCLOSURE OF SOCIAL SECURITY NUMBERS AND SOCIAL MEDIA HANDLES IS NECESSARY

Defendants do not object to sending notices by mail, e-mail, text message,[3] and by posting at the Truck Yard (Opp. Memo p.11), but object to publishing the notice on social media. Defendants also argue that disclosure of social security numbers and social media handles are not warranted absent a showing of less invasive methods failing. Plaintiff does not request to publish the notice on social media as Defendants contend; he merely requests to message the notice using social media messaging applications, such as Whatsapp, Facebook Messenger, or other platforms. Messaging the notice via social media furthers the FLSA's broad remedial purpose and has been repeatedly approved by Courts in the Second Circuit. See Section V (A) of Plaintiff's Memo; *Panora v. Deenora Corp*, 2020 WL 7246439, at *5 (E.D.N.Y. Dec. 9, 2020) (allowing notice by, *inter alia*, social media handles like WhatsApp and WeChat); *Lijun Geng v. Shu Han Ju Rest. II Corp.*, 2019 WL 4493429, at *20 (S.D.N.Y. Sept. 9, 2019) (authorizing notice by mail, email, text message and, social media messaging); *Jian Wu v. Sushi Nomado of Manhattan, Inc.*, 2019 WL 3759126, at *13 (S.D.N.Y. July 25, 2019) (allowing notice by mail, email, text message, and social media chat). Further, messaging the notice on social media increases the likelihood that as many potential plaintiffs as possible are notified, particularly when it comes to notifying manual laborers who may not regularly use e-mail and cannot be reached by regular mail. In order to distribute the notice via social media messaging, it is necessary for Defendants to produce the social media handles of the putative class members.

As to social security numbers, Plaintiff proposes that the Defendants to produce the social security number of any putative plaintiff within 10 days of Plaintiff's counsel notifying Defendants' counsel that a mailed notice was returned as undeliverable and that the Court issue a standard

---

[3] Defendants state that they do not object to text message notice in the Preliminary Statement. Opp. Memo p. 2.

4

protective and confidentiality order relating to any social security numbers produced.

## V. A SIX YEAR NOTICE PERIOD IS APPROPRIATE

Defendants argue that a 6-year notice period is unwarranted. However, when, as in this matter, NYLL claims are alleged, courts in this circuit routinely deny requests to limit the notice period to 3 years. See Plaintiff's Memo, Point V. D. Defendants further argue that conditional certification should be limited to solely FLSA overtime violations and exclude any other claims.[4] The Motion seeks a collective for all FLSA claims, including minimum wage claims, of which Plaintiff provided evidence in support. See Second Amended Complaint ¶¶ 23-25; see also, Aleman Decl. ¶¶ 11, 22-23. Plaintiff has shown that he and other employees were only paid for the first 40 hours worked, and that they received no wages for hours worked over 40 per week and as such, there are minimum wage claims under the FLSA. Thus, the collective should include all FLSA claims.

## VI. EQUITABLE TOLLING SHOULD BE GRANTED

Defendants request denial of equitable tolling because Plaintiff spoke to a few employees after his employment ended; however, this is not sufficient notice under the FLSA, nor notice to all employees. Courts have increasingly granted requests for equitable tolling, particularly when, as Plaintiff and his counsel were, "diligently and timely pursuing the claims." *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012). See Plaintiff's Memo, Point VI; *Yahraes v. Rest. Assocs. Events Corp.*, 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011)(delays caused by the time required for a court to rule on a collective motion may be deemed a justification to apply equitable tolling).

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court grant this Motion.

Dated: New York, New York
      April 8, 2021
                                    KATZ MELINGER PLLC
                                    Attorneys for Plaintiffs

                          By:   */s/ Katherine Morales*
                                  Katherine Morales, Esq.

---

[4] The Motion does not seek a collective action relating to NYLL claims.

5