This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among: MICHAEL ALEMAN-VALDIVIA and STEVE RIORDAN (herein referred to as "Employees"), and FIRST CHOICE PL, INC. ("FCPI"), VERONICA AZULAI ("Mrs. Azulai"), and RON MAIMON AZULAI ("Mr. Azulai" and with FCPI and Mrs. Azulai, the "First Choice Defendants," and in conjunction with the Employees, the "Parties"):

WHEREAS, a dispute has arisen regarding Employees' alleged employment discrimination and wage claims, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 20-CV-421 (hereinafter "the Federal Litigation"), alleging, among other things, a violation of federal and state wage and hour laws; and

WHEREAS, the First Choice Defendants named in the Federal Litigation deny any violation of Federal or State laws; and

WHEREAS, Mrs. Azulai denies, and has denied since the inception of the Federal Litigation, *inter alia*, (i) that she is an "employer" within the meaning of any Federal or State statute; and (ii) that she was properly named as a Defendant in the Federal Litigation.

WHEREAS, the Parties desire to resolve all disputes between them without the necessity of further litigation; and

WHERAS, the Parties recognize the issues and the risks of continued litigation; and

WHEREAS, after consulting with respective counsel all Parties believe that the best course is to resolve this matter without further expenditure of time and with the limited financial resources available:

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment:
    a. FCPI and Mr. Azulai, individually and collectively, are responsible for and shall pay or cause to be paid to Employees, subject to the terms and conditions of this Agreement, the gross sum of Forty-Four Thousand Dollars and No Cents ($44,000.00) to Aleman and Eleven

Thousand Dollars and No Cents ($11,000.00) to Riordan, for a total of Fifty-Five Thousand Dollars and No Cents (**$55,000.00**) (the "Settlement Amount"), from which no withholdings shall be taken. The Settlement Amount shall be delivered to Employees' attorneys in monthly Eight Thousand Dollar ($8,000.00) installments commencing within thirty (30) days of the Court's approval of this Agreement. Notwithstanding anything herein to the contrary, it is further agreed that the Settlement Amount shall begin to accrue as of January 15, 2023. FCPI and Mr. Azulai shall begin to collect such funds as though the first installment were to be made as of January 15, 2023, and the first payment following approval of this Agreement shall be paid within thirty (30) days thereof and shall consist of all funds that would then be due had this Agreement been approved 30 days prior to January 15, 2023. For the avoidance of doubt and for the purposes of clarity, should the Court approve this Settlement on March 1, 2023, then on or before March 31, 2023, FCPI and Mr. Azulai shall deliver payment of $24,000.00 to Employees' counsel. Thereafter, the next $8,000.00 payment would be remitted on or before April 15, 2023. In this way, assuming that the Agreement is previously approved by the Court, the final payment of $7,000.00 would be made on or before July 15, 2023.

b. The payments shall be allocated as follows:

   i. From the first payment, $1,770.48 to Katz Melinger PLLC ("KM") as and for costs; $2,076.51 to KM as and for fees; $3,322.41 to Aleman; and $830.60 for Riordan;

   ii. From each of the subsequent five payments, $2,666.67 to KM as and for fees; $4,266.66 to Aleman; and $1,066.67 to Riordan; and

   iii. From the seventh and final payment, $2,333.33 to KM as and for fees; $3,733.34 to Aleman; and $933.33 to Riordan.

c. All payments shall be made by check payable to Katz Melinger PLLC, as attorneys, and shall be delivered by trackable method to the address set forth in paragraph 10 ("Notices") below.

2. <u>Confessions of Judgment; Default.</u> Concurrently with the execution of this Agreement, FCPI and Mr. Azulai shall each execute an affidavit of judgment by confession ("Confession of Judgment") in the forms annexed hereto as **Exhibit A**. The Parties hereby acknowledge and agree that:

(a) FCPI's and Mr. Azulai's execution and delivery of the Confessions of Judgment to counsel for Employees constitutes a material term of this Agreement, and the failure to deliver the executed Confessions of Judgment to counsel for Employees concurrently with an executed copy of this Agreement shall render this Agreement null and void.

(b) The executed Confessions of Judgment will be held in escrow by Employees' counsel and will not be filed unless FCPI and Mr. Azulai fail to timely pay any portion of the Settlement Amount as set forth in paragraph "1" above ("Default") and fail to timely cure such Default. For purposes of this Agreement, a cure shall be "timely" if it is made: (i) for FCPI's and Mr. Azulai's first Default under this Agreement, within ten (10) days of the First Choice Defendants' receipt of written notice of said Default ("Notice of Default"); (ii) for FCPI's and Mr. Azulai's second Default under this Agreement, within five (5) days of the First Choice Defendants' receipt of a Notice of Default; and iii) for FCPI's and Mr. Azulai's third Default under this Agreement, within three (3) business days of the First Choice Defendants' receipt of a Notice of Default. Should Employees or their counsel deliver three (3) Notices of Default to the First Choice Defendants, then all future payments due to Employee under this Agreement shall be deemed time of the essence such that and Employees shall be entitled to immediately file the Confessions of Judgment or bring suit against the First Choice Defendants for breach of this Agreement upon any additional Default without further notice to the First Choice Defendants.

(c) All Notices of Default and other written demands to the First Choice Defendants shall be delivered to their counsel via email and USPS First Class Mail to the address specified in paragraph 10 below:

Delivery of any Notice of Default or written demand to the First Choice Defendants' counsel by email or first-class mail shall constitute receipt of the Notice of Default or written demand by the respective First Choice Defendant(s) who said counsel represents.

Should Employees or their counsel file any of the Confessions of Judgment in Court, or bring claims against the First Choice Defendants for breach of this Agreement, then: (i) upon the

entry of any judgment against any of the First Choice Defendants, Employees, or their counsel, shall promptly file a Partial Satisfaction of Judgment crediting the First Choice Defendants with any payments made under this Agreement; and (ii) Employees shall be entitled to recover from the First Choice Defendants, in addition to the amounts confessed in the Confessions of Judgment or any unpaid portion of the Settlement Amount, all costs and reasonable attorneys' fees incurred by Employees from the date of the First Choice Defendants' breach of this Agreement, including any costs and reasonable attorneys' fees incurred in entering and enforcing any judgment against any of the First Choice Defendants and entering and enforcing any additional judgments against the First Choice Defendants for said costs and reasonable attorneys' fees.

3. Upon the signing of this Agreement by all Parties, the Parties shall sign a voluntary stipulation of dismissal with prejudice as against Mr. Azulai and FCPI and without prejudice as against Mrs. Azulai and Top Dog, which Employees' counsel shall hold in escrow and file within five (5) business days of Court approval of this Agreement, unless the Court earlier dismisses this matter. A copy of the relevant stipulation is annexed hereto as Exhibit "B". It is further agreed that the Parties will also execute an additional stipulation of dismissal with prejudice as against Mrs. Azulai and Top Dog to be held in escrow by counsel for Plaintiffs until such time as the settlement payments are made in full. A copy of this second stipulation of dismissal is annexed hereto as Exhibit "C". The Parties agree that this Court, the Eastern District of New York, shall retain jurisdiction as to the enforcement of the terms of this Agreement. Other than as specified herein, each side to this action is responsible for its respective attorney's fees and costs.

4. Standing; No Assignment: Employees each expressly represents and warrants that each of them has standing to release any and all claims that they, individually or collectively, have or may have against the First Choice Defendants, or any of them, and that neither Employee is a "debtor" within the meaning of the federal bankruptcy statutes. Except as otherwise expressly noted herein, each Employee further represents and warrants that they shall not assign and has not assigned, transferred, or conveyed to any person or entity any claim or cause of action against any Defendant herein.

5. <u>Medicare Disclaimer</u>: Employees represent that neither Employee is a Medicare Beneficiary as of the time they enter into this Agreement.

6. Indemnification:

(1) Each Employee shall indemnify the First Choice Defendants, and each of them, as well as

all other Released Parties, against any loss or liability whatsoever (including court costs and reasonable attorney's fees) caused by any action or proceeding that is brought with respect to any claim released herein or that is contrary to the provisions of this Agreement, including all costs and reasonable attorneys' fees incurred by the First Choice Defendants, or any of them, in its or their defense of any such action. This provision does not apply to any claims brought by either Employee under the ADEA; in such circumstance, the First Choice Defendants may seek (and to the extent properly awarded) to recover costs and attorneys' fees as authorized by federal law.

(2). Tax Indemnity: Each Employee agrees and acknowledges that he shall be solely responsible for all taxes, assessments, interest, and penalties determined to be due by any federal, state or local government, agency or any other tax authority, court or tribunal, in connection with any payment made or foregone pursuant to this Agreement including, but not limited to, any federal, state, and local withholding taxes and Social Security taxes, and shall indemnify and hold harmless the First Choice Defendants, and each of them, for the same. Each Employee further specifically and explicitly further agrees to defend, indemnify and hold the First Choice Defendants, and each of them, harmless as to any and all liability, claims, or audits for any taxes, assessments, interest and/or penalties with respect to any payments made pursuant to this Agreement including, but not limited to, federal, state, and local withholding taxes and Social Security / Medicare taxes, as well as any and all claims by any person or government entity related to or arising from the First Choice Defendants' agreement at the specific request of the Employees to not withhold any taxes on the payment made herein, and agrees to defend, indemnify, and hold the First Choice Defendants, and each of them, harmless from any and all losses or liabilities they, or any of them, may suffer as a result of this action (including penalties, court costs and reasonable attorneys' fees that they, or any of them, may incur in any proceeding, inquiry, audit, or other action before or by the IRS or any state, municipal, or local taxing authority).

7. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

8. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of each of the Parties hereto.

9. Acknowledgments: All Parties acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for

signing this Agreement is as set forth in this Agreement.

10. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

<u>To Employees:</u>
Katz Melinger, PLLC
Attn: Nicole D. Grunfeld
370 Lexington Avenue – Suite 1512
New York, New York 10017
(212) 460-0047
ndgrunfeld@katzmelinger.com

<u>To the First Choice Defendants:</u>
The Law Offices of Neal Brickman, P.C.
Attn: Ethan Leonard
420 Lexington Avenue – Suite 2811
New York, New York 10170
(212) 986-6840
ethan@brickmanlaw.com

11. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The Parties' consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York in any subsequent proceeding to enforce this Agreement. Should any party initiate legal action to enforce the terms of this Agreement, the prevailing party in any such action shall be entitled to costs and reasonable attorneys' fees.

12. <u>Release Notification</u>: First Choice Defendants advised Employees to discuss the terms of this Agreement and release of claims with their legal counsel, and Employees acknowledge that each has consulted with Katz Melinger, PLLC. Each Employee acknowledges that it is their choice to release claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their

attorneys. Each Employee confirms that the terms of this Agreement have been explained to him, and translated as necessary, and that he understands the terms of this Settlement Agreement and Release and that he is signing this Agreement voluntarily.

13. <u>Mutual Release</u>: This Release of Claims ("Release") is entered into by and among Employees, on the one hand, and the First Choice Defendants, on the other hand.

In consideration for the promises made by the Parties and set forth in this Agreement, and other consideration that each of Employees and the First Choice Defendants expressly stipulate and agree constitute adequate and ample consideration for the rights and claims they are waiving and releasing under this Agreement, and for the obligations imposed upon them by virtue of this Agreement, the Employees and the First Choice Defendants agree:

Subject to the limitation set forth herein, the Parties voluntarily and irrevocably, release and forever discharge each other from and against any and all claims, obligations, debts, liabilities, demands, or causes of action concerning or arising from Employees' employment (all collectively referred to herein as the "Disputes") with respect to any alleged acts occurring before the effective date of this Agreement that were, or could have been, raised in the Federal Litigation. It is specifically noted that the Employees did not raise any claim under the ADEA and the release herein is not intended to address any such claims, but it is recognized and agreed that Employees' employment with FCPI ended more than a year prior to the execution of this Agreement.

The Disputes released by the Parties include any and all disputes each has or may believe to have against each other, arising out of alleged acts relating to or arising out of Employees' employment with the First Choice Defendants occurring before the effective date of this Agreement under any federal, state, local, or foreign statute or regulation, or under common law.

Employees acknowledge that neither of them has made any claims or allegations related to sexual harassment or sexual abuse and none of the payments set forth in this Agreement are related to sexual harassment or sexual abuse.

14. <u>Wage-and-Hour Release by Employees and Covenant Not to Sue</u>: Employees hereby irrevocably and unconditionally release from and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors,

owners, shareholders, members, agents, attorneys, legal representatives and managers, in their respective capacity as such, or to bring or seek any FLSA and NYLL wage and hour charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other FLSA and NYLL wage and hour liabilities, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which any of the Employees at any time have or had, claims or claimed to have against Defendants, or any of them, that have occurred as of the Effective Date of this Agreement. Employees release and discharge Defendants from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Defendants relating specifically to the claims in the Federal Litigation that have occurred as of the Effective Date of this Agreement.

15. <u>Non-Disparagement Clause</u>: Employees agree that each will not make any comments that will disparage the First Choice Defendants or any of its past or present employees. Such disparaging comments may include comments concerning the working conditions at FCPI or any other communications which might otherwise impair the reputation of the First Choice Defendants, or any of them, their employees and/or former employees. Breach of this provision may result in such other and further damages as may be awarded by a Court of competent jurisdiction. However, nothing in this paragraph shall be interpreted to prevent any Party from making truthful statements concerning their experiences during their employer-employee relationship, including, but not limited to the First Choice Defendants' pay practices, or with regard to litigating this Action, or while providing testimony during any legal or agency proceeding.

16. <u>Waiver of Future Employment:</u> Employees waive all rights to future employment with the Defendants and agree not to seek reinstatement or re-employment with Defendants or any of the Defendants.

17. Employees acknowledge that each has been provided with a reasonable period of time within which to consider this settlement and to decide whether to execute this Agreement, and that each has been given the opportunity and, in fact, has consulted with an attorney.

18. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have

executed the same counterpart. This agreement may also be executed by electronic signature and exchanged via facsimile or electronic transmission.

**PLAINTIFFS**

MICHAEL ALEMAN-VALDIVIA

_____  Date:_____

STEVE RIORDAN

_____  Date:_____

**DEFENDANTS**

First Choice Pl., Inc.,

By: _____  Date: _____
Name: Ron Maimon Azulai
Title:   Owner

Ron Maimon Azulai

_____  Date: _____

Veronica Azulai

_____  Date: _____

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------------X
MICHAEL ALEMAN-VALDIVIA and STEVEN RIORDAN,    Index No.

                                            Plaintiffs,

                    -against-

FIRST CHOICE PL, INC.,
                                            Defendant.
-----------------------------------------------------------------------------X

## AFFIDAVIT OF JUDGMENT BY CONFESSION

STATE OF NEW YORK    )
                             ) ss:
COUNTY OF QUEENS    )

    RON MAIMON AZULAI, being duly sworn, deposes and declares, upon personal knowledge and under penalty of perjury, that the following is true and correct:

    1.    I am individually named as a defendant and I am also the President of corporate defendant First Choice PL, Inc. ("First Choice") in the matter of *Aleman-Valdivia et al v. Top Dog Plumbing & Heating Corp. et al,* 20-cv-00421, which was brought in the United States District Court for the Eastern District of New York (the "Action"). I am fully familiar with all of the facts and circumstances recited herein based on personal knowledge, and I am duly authorized to make this Affidavit of Judgment by Confession on behalf of First Choice.

    2.    First Choice is an active domestic business corporation located in Queens County at 199-04 Romeo Court, Hollis, New York 11423.

    3.    In connection with the Settlement Agreement filed in the Action (the "Agreement"), which is incorporated by reference and made a part hereof, I, on behalf of First Choice, hereby confess judgment and authorize that judgment be entered in favor of the plaintiffs, Michael Aleman-Valdivia and Steven Riordan, and against First Choice in the amount of Eighty

1

Thousand Dollars and Zero Cents ($80,000.00), with interest thereon from January 30, 2023.

    4.    I, on behalf of First Choice, authorize entry of the aforementioned judgment in Queens County, New York.

    5.    The sums confessed pursuant to this Affidavit of Judgment by Confession are justly due and owing to the Plaintiffs under the following circumstances:

    a. The Plaintiffs and First Choice entered into the Agreement to settle the Plaintiffs' claims brought in the Action, including claims for purported violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the New York Labor Law. Under the Agreement, which settled the Action, First Choice promised to pay the gross sum of Forty-Four Thousand Dollars and Zero Cents ($44,000.00) to Plaintiff Michael Aleman-Valdivia and Eleven Thousand Dollars and Zero Cents ($11,000.00) to Plaintiff Steven Riordan for a total of Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) over an agreed period, as set forth in Paragraph 1 of the Agreement.

    b. First Choice expressly agreed to confess a judgment of Eighty Thousand Dollars and Zero Cents ($80,000.00), which exceeds the amount owed to the Plaintiffs under the Agreement, in consideration for the Plaintiffs' agreement to file a Stipulation of Discontinuance with Prejudice in the Action prior to receiving all of the monies to which the Plaintiffs were owed under the Agreement.

    c. The Eighty Thousand Dollars and Zero Cents ($80,000.00) confessed under this Affidavit of Judgment by Confession is less than the damages to which the Plaintiffs would be entitled were the Plaintiffs to prevail on all of their claims in the Action.

       d.   In order to secure First Choice's obligations under the Agreement, First Choice agreed to deliver this Affidavit of Judgment by Confession to counsel for Plaintiffs as part of the Agreement.

6.   First Choice waives all defenses except actual payment to the entry of this judgment against First Choice in the amount of Eighty Thousand Dollars and Zero Cents ($80,000.00), plus interest from January 30, 2023.

7.   Judgment is not confessed with fraudulent intent, to protect the property of First Choice from creditors, or to secure the Plaintiffs against a contingent liability, and is not an installment loan within the prohibition of C.P.L.R. § 3201.

8.   First Choice consents to the personal jurisdiction of the federal and state Courts of the State of New York over this matter.

Dated: February ___, 2023

First Choice PL, Inc.

_____
By: Ron Maimon Azulai, President

ACKNOWLEDGMENT

STATE OF NEW YORK      )
                                       ) ss.:
COUNTY OF QUEENS       )

On the ____ day of February, 2023, before me personally came **Ron Maimon Azulai**, to me known, who, by me duly sworn did depose and say that deponent is the President of First Choice PL Inc., which executed the foregoing Affidavit of Judgment By Confession, that he was authorized to execute the foregoing Affidavit of Judgment By Confession and that he executed the same pursuant to such authority.

_____
Notary Public

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------------------X
MICHAEL ALEMAN-VALDIVIA and STEVEN RIORDAN,    Index No.

                                           Plaintiffs,

                   -against-

 RON MAIMON AZULAI,
                                   Defendant.
---------------------------------------------------------------------------X

## **AFFIDAVIT OF JUDGMENT BY CONFESSION**

STATE OF NEW YORK    )
                                  ) ss:
COUNTY OF QUEENS    )

      RON MAIMON AZULAI, being duly sworn, deposes and declares, upon personal knowledge and under penalty of perjury, that the following is true and correct:

      1.      I am individually named as a defendant in the matter of *Aleman-Valdivia et al v. Top Dog Plumbing & Heating Corp. et al,* 20-cv-00421, which was brought in the United States District Court for the Eastern District of New York (the "Action"). I am fully familiar with all of the facts and circumstances recited herein based on personal knowledge.

      2.      I reside in Queens County at _____.

      3.      In connection with the Settlement Agreement filed in the Action (the "Agreement"), which is incorporated by reference and made a part hereof, I hereby confess judgment and authorize that judgment be entered in favor of the plaintiffs, Michael Aleman-Valdivia and Steven Riordan, and against me, Ron Maimon Azulai, in the amount of Eighty Thousand Dollars and Zero Cents ($80,000.00), with interest thereon from January 30, 2023.

    4.      I authorize entry of the aforementioned judgment in Queens County, New York.

    5.      The sums confessed pursuant to this Affidavit of Judgment by Confession are justly due and owing to the Plaintiffs under the following circumstances:

    a. The Plaintiffs and I entered into the Agreement to settle the Plaintiffs' claims brought in the Action, including claims for purported violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the New York Labor Law. Under the Agreement, which settled the Action, I promised to pay the gross sum of Forty-Four Thousand Dollars and Zero Cents ($44,000.00) to Plaintiff Michael Aleman-Valdivia and Eleven Thousand Dollars and Zero Cents ($11,000.00) to Plaintiff Steven Riordan for a total of Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) over an agreed period, as set forth in Paragraph 1 of the Agreement.

    b. I expressly agreed to confess a judgment of Eighty Thousand Dollars and Zero Cents ($80,000.00), which exceeds the amount owed to the Plaintiffs under the Agreement, in consideration for the Plaintiffs agreement to file a Stipulation of Discontinuance with Prejudice in the Action prior to receiving all of the monies to which the Plaintiffs were owed under the Agreement.

    c. The Eighty Thousand Dollars and Zero Cents ($80,000.00) confessed under this Affidavit of Judgment by Confession is less than the damages to which the Plaintiffs would be entitled were the Plaintiffs to prevail on all of their claims in the Action.

    d. In order to secure my obligations under the Agreement, I agreed to deliver this

    Affidavit of Judgment by Confession to counsel for the Plaintiffs as part of the Agreement.

  6. I waive all defenses except actual payment to the entry of this judgment against me, Ron Maimon Azulai, in the amount of Eighty Thousand Dollars and Zero Cents ($80,000.00), plus interest from January 30, 2023.

  7. Judgment is not confessed with fraudulent intent, to protect my property from creditors, or to secure Plaintiff against a contingent liability, and is not an installment loan within the prohibition of C.P.L.R. § 3201.

  8. I consent to the personal jurisdiction of the federal and state Courts of the State of New York over this matter.

Dated: February ___, 2023

_____
Ron Maimon Azulai


ACKNOWLEDGMENT

STATE OF NEW YORK  )
           ) ss.:
COUNTY OF QUEENS  )

On the ____ day of February, 2023, before me personally came **Ron Maimon Azulai**, to me known, who, by me duly sworn did depose that he executed the foregoing Affidavit of Personal Judgment by Confession.

_____
Notary Public

3

EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MICHAEL ALEMAN-VALDIVIA and FREDDY
SANCHEZ, and STEVE RIORDAN,
individually and on behalf of all others                                    20-CV-421 (LDH)(PK)
similarly situated,
                              Plaintiffs,

     - against -

TOP DOG PLUMBING & HEATING CORP.,
FIRST CHOICE PL, INC., VERONICA
AZULAI, and RON MAIMON AZULAI,
                             Defendants.
---------------------------------------------------------------X

## STIPULATION AND ORDER OF DISMISSAL

**WHEREAS**, Plaintiffs Michael Aleman-Valdivia and Steven Riordan, and Defendants First Choice PL, Inc., Veronica Azulai and Ron Maimon Azulai, by their respective counsel, having jointly applied for entry of an Order of Voluntary Dismissal with Prejudice as to First Choice PL, Inc., ("FCPI") and Ron Azulai, and without Prejudice as to Top Dog Plumbing & Heating Corp. ("Top Dog") and Veronica Azulai approving the parties' negotiated settlement agreement, and the parties having consented to the entry of this Order; and sufficient cause appearing for the same; after due deliberation;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the parties, and ordered by this Court, that this action be hereby dismissed and discontinued in its entirety, with prejudice against FCPI and Ron Azulai and without prejudice as against Top Dog and Veronica Azulai, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, and

**IT IS FURTHER STIPULATED AND AGREED** that this Court shall retain jurisdiction to enforce the terms of this Agreement, and

**IT IS FURTHER STIPULATED AND AGREED** that electronic signatures or copies of signatures on this Stipulation shall serve the same purpose as original signatures.

| KATZ MELINGER PLLC | THE LAW OFFICES OF NEAL BRICKMAN, P.C. |
|---|---|
| By: _____ <br> Nicole Grunfeld <br> 370 Lexington Avenue, Suite 1512 <br> New York, New York 10017 <br> *Attorneys for Plaintiffs Michael Aleman-Valdivia and Steven Riordan* | By: _____ <br> Ethan Leonard <br> 420 Lexington Avenue - Suite 2811 <br> New York, New York 10170 <br> *Attorneys for First Choice Pl, Inc., Ron Maimon Azulai, and Veronica Azulai.* |
| Dated: February \_\_\_, 2023 | Dated: February \_\_\_, 2023 |

The Court hereby approves the settlement and dismissal of the instant action with prejudice.

SO ORDERED this \_\_\_ day of _____, 2023

_____
United States Magistrate Judge