This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among: MICHAEL ALEMAN-VALDIVIA and STEVE RIORDAN (herein referred to as "Employees"), and FIRST CHOICE PL, INC. ("FCPI"), VERONICA AZULAI ("Mrs. Azulai"), and RON MAIMON AZULAI ("Mr. Azulai" and with FCPI and Mrs. Azulai, the "First Choice Defendants," and in conjunction with the Employees, the "Parties"):

WHEREAS, a dispute has arisen regarding Employees' alleged employment discrimination and wage claims, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 20-CV-421 (hereinafter "the Federal Litigation"), alleging, among other things, a violation of federal and state wage and hour laws; and

WHEREAS, the First Choice Defendants named in the Federal Litigation deny any violation of Federal or State laws; and

WHEREAS, Mrs. Azulai denies, and has denied since the inception of the Federal Litigation, *inter alia*, (i) that she is an "employer" within the meaning of any Federal or State statute; and (ii) that she was properly named as a Defendant in the Federal Litigation.

WHEREAS, the Parties desire to resolve all disputes between them without the necessity of further litigation; and

WHERAS, the Parties recognize the issues and the risks of continued litigation; and

WHEREAS, after consulting with respective counsel all Parties believe that the best course is to resolve this matter without further expenditure of time and with the limited financial resources available:

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment:
   a. FCPI and Mr. Azulai, individually and collectively, are responsible for and shall pay or cause to be paid to Employees, subject to the terms and conditions of this Agreement, the gross sum of Forty-Four Thousand Dollars and No Cents ($44,000.00) to Aleman and Eleven

Thousand Dollars and No Cents ($11,000.00) to Riordan, for a total of Fifty-Five Thousand Dollars and No Cents (**$55,000.00)** (the "Settlement Amount"), from which no withholdings shall be taken. The Settlement Amount shall be delivered to Employees' attorneys within thirty (30) days of the Court's approval of this Agreement.

    b. The payments shall be allocated as follows:

$1,780.80 to Katz Melinger PLLC ("KM") as and for costs; $17,739.73 to KM as and for fees; $28,383.58 to Aleman; and $7,095.89 for Riordan;

    c. All payments shall be made by check payable to Katz Melinger PLLC, as attorneys, and shall be delivered by trackable method to the address set forth in paragraph 9 ("Notices") below.

2. Upon the signing of this Agreement by all Parties, the Parties shall sign a voluntary stipulation of dismissal with prejudice as against Mr. Azulai, FCPI and Mrs. Azulai and a Notice of Discontinuance with Prejudice against Top Dog.

3. <u>Standing; No Assignment</u>:  Employees each expressly represents and warrants that each of them has standing to release any and all claims that they, individually or collectively, have or may have against the First Choice Defendants, or any of them, and that neither Employee is a "debtor" within the meaning of the federal bankruptcy statutes.  Except as otherwise expressly noted herein, each Employee further represents and warrants that they shall not assign and has not assigned, transferred, or conveyed to any person or entity any claim or cause of action against any Defendant herein.

4. <u>Medicare Disclaimer</u>:  Employees represent that neither Employee is a Medicare Beneficiary as of the time they enter into this Agreement.

5. Indemnification:

(1) Each Employee shall indemnify the First Choice Defendants, and each of them, as well as all other Released Parties, against any loss or liability whatsoever (including court costs and reasonable attorney's fees) caused by any action or proceeding that is brought with respect to any claim released herein or that is contrary to the provisions of this Agreement, including all costs and reasonable attorneys' fees incurred by the First Choice Defendants, or any of them, in its or their defense of any such action. This provision does not apply to any claims brought by either Employee under the ADEA; in such circumstance, the First Choice Defendants may seek (and to the extent properly awarded) to recover costs and attorneys' fees as authorized by federal law.

(2).	Tax Indemnity:  Each Employee agrees and acknowledges that he shall be solely responsible for all taxes, assessments, interest, and penalties determined to be due by any federal, state or local government, agency or any other tax authority, court or tribunal, in connection with any payment made or foregone pursuant to this Agreement including, but not limited to, any federal, state, and local withholding taxes and Social Security taxes, and shall indemnify and hold harmless the First Choice Defendants, and each of them, for the same.  Each Employee further specifically and explicitly further agrees to defend, indemnify and hold the First Choice Defendants, and each of them, harmless as to any and all liability, claims, or audits for any taxes, assessments, interest and/or penalties with respect to any payments made pursuant to this Agreement including, but not limited to, federal, state, and local withholding taxes and Social Security / Medicare taxes, as well as any and all claims by any person or government entity related to or arising from the First Choice Defendants' agreement at the specific request of the Employees to not withhold any taxes on the payment made herein, and agrees to defend, indemnify, and hold the First Choice Defendants, and each of them, harmless from any and all losses or liabilities they, or any of them, may suffer as a result of this action (including penalties, court costs and reasonable attorneys' fees that they, or any of them, may incur in any proceeding, inquiry, audit, or other action before or by the IRS or any state, municipal, or local taxing authority).

6.	No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

7.	Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of each of the Parties hereto.

8.	Acknowledgments: All Parties acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

9.	Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

<u>To Employees:</u>

Katz Melinger, PLLC

Attn: Nicole D. Grunfeld

370 Lexington Avenue – Suite 1512

New York, New York 10017

(212) 460-0047

ndgrunfeld@katzmelinger.com

<u>To the First Choice Defendants:</u>

The Law Offices of Neal Brickman, P.C.

Attn: Ethan Leonard

420 Lexington Avenue – Suite 2811

New York, New York 10170

(212) 986-6840

ethan@brickmanlaw.com

10.     <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  Should any party initiate legal action to enforce the terms of this Agreement, the prevailing party in any such action shall be entitled to costs and reasonable attorneys' fees.

11.     <u>Release Notification</u>: First Choice Defendants advised Employees to discuss the terms of this Agreement and release of claims with their legal counsel, and Employees acknowledge that each has consulted with Katz Melinger, PLLC. Each Employee acknowledges that it is their choice to release claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.  Each Employee confirms that the terms of this Agreement have been explained to him, and translated as necessary, and that he understands the terms of this Settlement Agreement and Release and that he is signing this Agreement voluntarily.

12.     <u>Mutual Release</u>:  This Release of Claims ("Release") is entered into by and among Employees,  on the one hand, and the First Choice Defendants, on the other hand.

In consideration for the promises made by the Parties and set forth in this Agreement, and other consideration that each of Employees and the First Choice Defendants expressly stipulate and agree constitute adequate and ample consideration for the rights and claims they are waiving and releasing under this Agreement, and for the obligations imposed upon them by virtue of this Agreement, the Employees and the First Choice Defendants agree:

Subject to the limitation set forth herein, the Parties voluntarily and irrevocably, release and forever discharge each other from and against any and all claims, obligations, debts, liabilities, demands, or causes of action concerning or arising from Employees' employment (all collectively referred to herein as the "Disputes") with respect to any alleged acts occurring before the effective date of this Agreement that were, or could have been, raised in the Federal Litigation.  It is specifically noted that the Employees did not raise any claim under the ADEA and the release herein is not intended to address any such claims, but it is recognized and agreed that Employees' employment with FCPI ended more than a year prior to the execution of this Agreement.

The Disputes released by the Parties include any and all disputes each has or may believe to have against each other, arising out of alleged acts relating to or arising out of Employees' employment with the First Choice Defendants occurring before the effective date of this Agreement under any federal, state, local, or foreign statute or regulation, or under common law.

Employees acknowledge that neither of them has made any claims or allegations related to sexual harassment or sexual abuse and none of the payments set forth in this Agreement are related to sexual harassment or sexual abuse.

13.   <u>Wage-and-Hour Release by Employees and Covenant Not to Sue</u>: Employees hereby irrevocably and unconditionally release from and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, in their respective capacity as such, or to bring or seek any FLSA and NYLL wage and hour charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other FLSA and NYLL wage and hour liabilities, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which any of the Employees at any time have or had, claims or claimed to have against Defendants, or any of them, that have occurred as of the Effective Date of this Agreement. Employees release and discharge

Defendants from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Defendants relating specifically to the claims in the Federal Litigation that have occurred as of the Effective Date of this Agreement.

14. <u>Non-Disparagement Clause</u>: Employees agree that each will not make any comments that will disparage the First Choice Defendants or any of its past or present employees.  Such disparaging comments may include comments concerning the working conditions at FCPI or any other communications which might otherwise impair the reputation of the First Choice Defendants, or any of them, their employees and/or former employees. Breach of this provision may result in such other and further damages as may be awarded by a Court of competent jurisdiction.  However, nothing in this paragraph shall be interpreted to prevent any Party from making truthful statements concerning their experiences during their employer-employee relationship, including, but not limited to the First Choice Defendants' pay practices, or with regard to litigating this Action, or while providing testimony during any legal or agency proceeding.

15. Employees acknowledge that each has been provided with a reasonable period of time within which to consider this settlement and to decide whether to execute this Agreement, and that each has been given the opportunity and, in fact, has consulted with an attorney.

16. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by electronic signature and exchanged via facsimile or electronic transmission.

**PLAINTIFFS**

MICHAEL ALEMAN-VALDIVIA

_____    Date: 8/28/2023

STEVE RIORDAN

_____    Date:_____

**DEFENDANTS**

First Choice Pl., Inc.,

By: _____    Date: _____
Name: Ron Maimon Azulai
Title:   Owner


Ron Maimon Azulai


_____    Date: _____


Veronica Azulai


_____    Date: _____

**PLAINTIFFS**

MICHAEL ALEMAN-VALDIVIA

_____          Date:_____

STEVE RIORDAN

*Steven Riordan*          Date: 8/28/23

**DEFENDANTS**

First Choice Pl., Inc.,

By: _____          Date: _____
Name:  Ron Maimon Azulai
Title:    Owner

Ron Maimon Azulai

_____          Date: _____

Veronica Azulai

_____          Date: _____

**PLAINTIFFS**

MICHAEL ALEMAN-VALDIVIA

_____  Date:_____

STEVE RIORDAN

_____  Date:_____

**DEFENDANTS**

First Choice Pl., Inc.,

By: *[signature]*  Date: 8/28/2023
Name: Ron Maimon Azulai
Title: Owner

Ron Maimon Azulai

*[signature]*  Date: 8/28/2023

Veronica Azulai

*[signature]*  Date: 1/28/2023